# Eagle Iron Co., *v.* Malone.

## *Trover.*

(Decided Dec. 19, 1906. 42 So. Rep. 734.)

1. *Pleading; Pleas in Abatement; Time for iling.*—After plaintiff had amended his complaint by striking out the individual defendant as a party defendant, the non-resident corporation defendant should have been allowed to file its plea in abatement, setting up the want of jurisdiction of the court to hear and determine the cause.
2. *Appeal; Review; Scope.*—The cause not being triable on its merits until the plea of want of jurisdiction is disposed of, the other assignments will not be considered.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by James Malone against the Eagle Iron Company and another. From a judgment for plaintiff, defendant company appeals. Reversed and remanded.

The plaintiff (appellee here) sued the defendant appellant and one Stewart in the circuit court of Marshall county, and at the trial discontinued as to Stewart, whereupon the defendant the Eagle Iron Company offered to interpose a plea in abatement, setting out that they had no office, agent, or place of business in Marshall county, and that the court was without jurisdiction to entertain the cause further. The court refused to allow the defendant the Eagle Iron Company to interpose this plea, stating that it came too late. The defendant Stewart was a resident citizen of Marshall county.

JOHN A. LUSK, for appellant.—Counsel discuss the assignments of error not touched upon in the opinion. Also discusses the right of appellant to file his plea to the jurisdiction of the court, but cites no authority on this proposition.

STREET & ISBELL, for appellee.—Counsel discuss assignments of error touched on in the opinion but cite no authority.

TYSON, J.—After the complaint was amended by striking out the name of Stewart as a party defendant, the remaining defendant should have been allowed to file the plea in abatement proposed by it.—*Eagle Iron Co. v. Baugh,* 147 Ala. 613, 41 South. 663. There can, of course, be no trial of the cause on its merits until this plea, when filed, is disposed of. We will, therefore, not consider any other assignment of error.

Reversed and remanded.

HARALSON, SIMPSON, and DENSON, JJ., concur.