[Civ. No. 4379. Third Appellate District.—June 8, 1932.]

M. RUTH FOLKINS et al., Respondents, v. J. E. JOHNSTON, Appellant.

A. P. Hayne and Nutter & Rutherford for Appellant.

Puter & Quinn for Respondent.

PRESTON, P. J.—This is an appeal by defendant from a judgment rendered in plaintiffs' favor in a personal injury case.

The claimed negligence of defendant from and through which the injuries were incurred is specifically alleged in the complaint of plaintiffs, a summary of which is as follows:

That defendant was engaged upon a contract for the construction of a portion of the state highway in Del Norte County, which said road or highway followed at some places the old county road and at other points crossed or intersected the county road; that part of the said new road was completed and was being used by the traveling public, which said completed part extended northerly for about three miles; that the remaining portion, though not completed and open, had been graded and all excavation work finished; that in traveling northward it was necessary to leave the completed portion of the new road and follow the old road and at the point or place where the turn was made from the new

highway back to the old there was a sharp curve or turn which was indistinct and not readily seen or noticeable by one driving northward on the completed portion, especially at night; that said turn was not noticeable by reason of brush and trees at and in the vicinity of said turn; that the situation and physical conditions at said turn were such that ordinary care and prudence required a light or other signal to warn drivers of motor vehicles that there was a turn in said place; that on March 24, 1929, the defendant at a distance of fifty-five feet, more or less, westerly from said turn had piled gravel or crushed rock in two separate piles and on the northerly side of the said road (meaning the new highway) and ordinary care and prudence required a light or other signal of warning to indicate the presence of said piles; that such warnings were necessary at night and particularly necessary on the night of March 24, 1929, when the shadows were such as to obscure the presence of said turn and gravel piles; and that said defendant on said March 24, 1929, carelessly and negligently failed to install any light or signal or warning signs at said turn to warn travelers or drivers of motor vehicles of said turn or of the presence of the gravel piles and at all times the said defendant was in control and possession of said gravel or crushed rock and had control and possession of the state highway westerly from the said turn.

The complaint then alleges the injuries to plaintiffs by reason of running on to the said highway and into the gravel piles, with appropriate allegations of damage resulting.

The court below, sitting without a jury, found that all of the allegations of the said complaint were true and supported by substantial evidence, save and except the allegations of damage and on these the court found as hereinabove indicated.

Appellant relies upon four specific grounds for reversal of the judgment and these will be taken up in the order presented.

█ 1. It is claimed that the duty of maintaining the barrier and such warnings as might be deemed necessary and prudent was a duty belonging to the resident engineer of the department of public works of the state of California, under whose jurisdiction and supervision the work was be-

ing done. Section 588b of the Penal Code provides that while any portion of the highway is under repair or construction, the department of roads, its officers or appropriate employees, or its contractor under authority from such department may erect suitable barriers and place lights, etc. Adopting appellant's theory the word "may" will be construed as "must".

This, however, does not determine the contention. It may be true that the resident engineer was under a duty to see that all danger spots on the highway were sufficiently guarded or noticed and still the contractor or other person actually causing or constructing the hazards would not be free from care and caution. Appellant cites no authority other than his own general argument. The fact is undisputed that appellant was an independent contractor, the manner and means of performing his contract being subject to his own discretion and under his immediate control. He is bound by the general rule limiting the extent of enjoyment of property and privilege to the extent that it does not become harmful to the rights of others. Upon the contractor rests primarily the duty, in the absence of the cited statute, of exercising reasonable care and caution for the safety of the general public or that portion thereof who might, in the usual course of things be subjected to any hazard established.

If and when the contractor created a situation of danger likely to result in injury if not sufficiently warned against it would seem an abandonment of doctrine to hold that he was absolved from all further responsibility if some third party neglected to give warning of the danger, conceding the duty of warning to rest with the latter.

We hold that both the contractor and the supervising engineer owed a duty to the public in warning travelers of the likelihood of injury and of the existing hazard and if neither discharged that duty then both would be liable for the injuries resulting from such breach.

■ 2. The next contention of appellant is that defendant by reason of placing a pile of gravel fifty-five feet off the road had no duty toward travelers on the road who could not reach the gravel without trespassing. The general rule regarding trespassers is cited to support this contention. The rule is not applicable here. Conceding

that under ordinary conditions plaintiffs might be classed as trespassers upon that part of the highway remaining unfinished, the fact remains that they were lawfully and of right upon the open or traveled portion of the road. The gist of the action is that by reason of the negligence of defendant plaintiffs were lulled into a security in entering the unfinished part of the road on the appearance of the same being completed. Admitting, for this portion of the argument, the negligence alleged, no defense of trespass can prevail.

3. Appellant then argues that in any event the defendant was not an insurer that the barrier would remain up at all times, but if it was knocked down by some third person as here appears, he was only obliged to use reasonable diligence to replace it. Here we pass immediately into the domain of disputed fact. We are not inclined to detail the evidence in full, though we have gone carefully over the record. There is a conflict as to whether or not a proper barrier, shutting off the unfinished portion of the road was ever in place on the day in question. In this state of the record no further comment need be made nor is further discussion on this branch of the case necessary.

4. The last contention of appellant is that plaintiffs were guilty of contributory negligence as a matter of law. This claim rests upon the assertion that the driver of plaintiffs' car was the agent of plaintiffs; that said agent knew of the existence of the impassable roadway approximately two hours before the accident; and was looking ahead with his lights on, yet could not see a gravel pile eight feet high until the moment of the impact.

The argument of appellant is couched in this language: There are two points under this discussion of contributory negligence. The first is that the driver, two hours before the accident, had noticed the particular turn and had further noticed that the road was torn up and impassable at that point. The second consideration is that the lights of the car were in good working order, with the driver looking straight ahead and yet he did not see an eight-foot gravel pile or a fifty-five foot strip of rough plowed ground intervening between the gravel pile and the paved road until the moment of impact.

This is an argument that might have force in the trial court, before the findings were made, but as against a supported finding again becomes merely argument.

The rule of momentary forgetfulness of known danger has been frequently applied in this state, but the basis thereof is scienter. It is admitted that the driver of plaintiffs' car had passed over the section involved at an earlier hour, but his approach was from an entirely different direction. The driver had been over the road but once and but a few days resident in the section. All that could be chargeable to him was that he knew that somewhere on the road was a short detour, but he is not chargeable with the exact location thereof. It would indeed be a strange doctrine to announce that one passing over a highway at night is charged with knowledge of the condition of the highway simply because he has traveled on that highway once before. We have been unable to discover any authority in this state or elsewhere, which establishes such a principle. Had the danger been patent the situation might be different. But in the instant case there was nothing to indicate the detour. The continuation of the traveled portion looked similar to that portion already traveled. A slight grade was present and the general shade or color of the surroundings merged into one aspect. In addition there were trees and shadows, all combining to mislead and confuse the traveler.

At the request and with the consent of counsel the trial judge made a personal inspection of the scene and evidently answered for himself the arguments made.

As to whether or not an object is clearly discernible at night is always a question of fact. It is a matter of commonplace that lights produce shadows and that the area without the range of lighting becomes apparently of increased density.

For a reviewing court to hold that a pile of gravel of approximately the same color as the highway, under the conditions here present, would stand out distinctly in the path of a moving lighted car would be to assume that fact as a matter of law. The determination as to whether a pile of gravel which is situated in the highway could be readily seen under the circumstances of this case becomes a question of fact.

All of the contentions made upon the subject of lights and the inferences to be drawn from the fact that lights were working find answer in the following cases: *Sawdey* v. *Milk Producers Co.,* 107 Cal. App. 472 [290 Pac. 684]; *Schurman* v. *Los Angeles Creamery Co.,* 81 Cal. App. 758 [24 Pac. 681].

The judgment is affirmed.

Plummer, J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 8, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 4, 1932.