CARL FAHRENBRUCH, APPELLEE, v. PETER KIEWIT SONS' COMPANY, A CORPORATION, ET AL., APPELLANTS.

27 N. W. 2d 680

Filed May 29, 1947.    No. 32236.

*Carl H. Swanson,* for appellants.

*J. F. Ratcliff,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CHAPPELL, J.

This action was to recover damages because defendant company's tractor and heavy road-roller, alleged to have been negligently operated by the other defendant as its employee, collided with plaintiff's combine on a highway then under construction and repair. By agreement, the issues were tried on the merits to the district court without a jury. At conclusion thereof, the court found in part as follows: "On consideration whereof, the court finds generally in favor of the plaintiff and against the defendants; that the proximate cause of the accident was the defendants' negligence, and that the plaintiff is entitled to recover damages; that the reasonable value of the plaintiff's combine prior to the accident was the sum of $1116.00 and the reasonable value of said combine after the accident was $350.00, and that plaintiff's damage amounts to $766.00. That the plaintiff is entitled to recover damages from the defendants in the sum of $766.00, with interest thereon at 6% per annum from August 12th, 1945, until paid."

A judgment accordingly was awarded plaintiff. Defendants' motion for new trial was overruled and they appealed to this court, assigning as error substantially that the judgment was contrary to law and not sustained by the evidence. We conclude that defendants' assignments cannot be sustained.

This court has recently reaffirmed the rule that in a law action, where a jury has been waived by the parties,

the findings of the district court on issues tried have the effect of a verdict, and if the evidence supports the findings and judgment thereon, and there is no error in the proceedings, the judgment will be affirmed on appeal. Schnell v. United Hail Ins. Co., 145 Neb. 768, 18 N. W. 2d 112.

The primary issue in the case at bar was alleged negligence. In Fulcher v. Ike, 142 Neb. 418, 6 N. W. 2d 610, it was held that: "The gist of negligence is failure to exercise the care of a reasonable and prudent person under a given set of circumstances." In that connection we call attention to the fact that, contrary to defendants' contentions, the violation of a statutory duty is not a necessary prerequisite in order to establish actionable negligence. It may be established by evidence showing a breach of duty which one owes to another by reason of the relationship existing or the circumstances presented. 45 C. J., Negligence, § 18, p. 643; 38 Am. Jur., Negligence, § 14, p. 655.

We must bear in mind also that in negligence cases the standard of the duty to exercise the care of a reasonable and prudent person is ordinarily the same, but that the conduct required to fulfill that duty is different, dependent upon the facts and circumstances of each particular case.

The questions involved here are primarily factual but governed generally by the rule that where a highway under construction or repair is being used permissively in a limited manner by adjacent residents, it must be kept and maintained by the contractor in a reasonably safe condition for the use of those driving thereon, who are at the same time required to exercise reasonable care under the peculiar circumstances and conditions confronting them by keeping a constant lookout and vigilant caution for obstructions incident to the progress and completion of the work. Miller v. Abel Construction Co., 140 Neb. 482, 300 N. W. 405.

In the light of the foregoing rules we have examined

the evidence, which is brief but conflicting upon some material matters. Substantially, the evidence adduced in plaintiff's behalf is as follows: He lived about a quarter of a mile north of the highway involved which had been in construction and repair for several months. To reach his farm home with his tractor and combine, it was necessary to drive it over the highway. For that reason and with permission of a traffic-directing highway engineer, plaintiff's son was driving it westward thereon. Plaintiff himself drove a car ahead to see that the highway was clear, but at the time of the accident, was approximately one-fourth mile away.

The so-called paved portion of the highway was 26 feet wide, with a dirt shoulder extending out therefrom for a distance of about eight feet. Plaintiff's tractor was attached to his combine, which extended out to the left several feet. When plaintiff's driver had reached the top of a slope, the view was clear to the west for about one-half mile, where defendants' tractor, with road-roller attached, was seen approaching from the west.

Plaintiff's driver traveled to the bottom of the slope and crossed a culvert where it was necessary for him to stay on the pavement, but immediately thereafter proceeded to pull off the pavement to the north. Prior to the collision, he observed defendants' tractor-roller approaching about 100 feet or more away, pretty close over on the north side of the road, at a speed of 11 or 12 miles an hour. Immediately prior to the collision, plaintiff's tractor was traveling about one mile an hour, and had proceeded to a point off the pavement, away over to the north on the shoulder, with the protruding south end of the combine about seven feet north of the center of the pavement. In other words, six feet of it was still on the north side of the pavement, leaving a clearance of 20 feet thereon to the south. In that situation, defendant company's tractor and road-roller, driven by a 17-year-old boy, who seemed to be talking

to some children in a car to the right and a little behind him, kept coming right on in a straight line, without slowing down, turning, signaling, or indicating what he was going to do, until he was right up to and almost against plaintiff's combine. At that point he swung sharply to the right, but defendants' tractor wheel first collided with plaintiff's combine, and thereafter the road-roller hit clear into its platform, swinging it around to the north, breaking the hitch, breaking, shearing, and springing the main parts and heavy frame of the combine, thereby damaging it beyond repair, except for salvage of parts. Thereafter, defendants' driver went on up the road, refusing to stop.

Defendants offered no evidence relating to the value of plaintiff's combine either before or after the accident. It was undisputed that before the accident its reasonable value was $1,116, and thereafter its reasonable value was not more than $200 to $350. It will be observed also that defendants were given the benefit of the larger sum, since the difference between $1,116 and $350 is $766, the exact amount of the judgment awarded plaintiff.

Otherwise defendants' evidence was substantially in conflict with that adduced by plaintiff regarding the position of the machines and their manner of travel as they proceeded on the highway, as well as the exact point of collision and the speed of the vehicles. However, defendants' driver admitted that he did not slow down before the collision. He also admitted that he saw plaintiff's driver when about 100 feet from him, and testified that when 20 or 25 feet from plaintiff's driver, he motioned with his hand for him to move over, but, seeing that he was not going to do so, defendants' driver, at a point where the front of his tractor was about even with the combine, turned right as fast as possible, and thus collided with it. He admitted also that he did not stop, but claimed the nature of his work required that he not do so.

Without question the evidence amply supported the

finding and judgment of the trial court, and since no error appears in the proceedings, the judgment should be and hereby is affirmed.

AFFIRMED.