Hillsborough, Mar. 2, 1948. } No. 3707.

### IRENE SAVOIE *v.* LITTLETON CONSTRUCTION CO.

68

*Philip J. Biron* and *Osgood & Osgood* (*Mr. Clinton S. Osgood* orally), for the plaintiff.

*Paul E. Nourie* and *Frederick W. Branch* (*Mr. Branch* orally), for the defendant.

DUNCAN, J. Construction of the new highway was commenced between its termini and proceeded in both northerly and southerly directions, to join the old road. Where the new highway intersected existing highways barricades were erected, which it was the practice to light at night by means of lanterns or flares. At the southerly end, where the plaintiff entered, the barricade consisted of a twelve by twelve inch timber, fifteen feet long, placed across barrels or horses, and bearing a sign "Road Closed." According to the resident state engineer "the finish width [of the highway] was twenty-one feet and the whole width twenty-three feet so as not to have dirt mixed with the finish mixture." Construed most favorably to the plaintiff, the evidence warranted a finding that on the night of the accident the barrier was located across the westerly side of the highway, leaving the easterly side open for passage. It had been the practice to so place the barrier to admit trucks and equipment, and to replace it at night across the easterly lane. There was evidence that the highway between the southerly end and the new village of Hill had been used by the general public for several months. Fifty to seventy-five employees on the job had automobiles which they used to get to work, and about twelve families were living at the new village. It could be found that the use of the highway was known to the defendant company, and to the resident state engineer.

The plaintiff's evidence tended to prove that shortly after she left her home in Franklin at about eight fifteen in the evening, a heavy thunder shower came up, and that although she intended to follow the old road to Bristol, she inadvertently entered the new road without seeing any lights, signs, or barrier. After proceeding for some distance, she recognized the new highway, but continued on her way for a total distance of six or seven miles, when she encountered a barrier completely across the road. She then reversed her course, proceeding south at a speed of 20 to 25 miles an hour. Without warning, and without seeing it before collision, she struck the gasoline road roller which occupied the best part of the southbound lane. The roller was unlighted, and was "the same color as the road." The storm had not abated at the time, and the plaintiff's windshield was somewhat "smoky." Although her windshield wipers were in operation, and her headlights showed the road ahead for a distance of 40 to 50 feet, she "could hardly see" because of the storm. The surfaced highway was completely finished for its entire width a distance of 1500 to 1800 feet north of the roller.

The defendant's principal contention revolves around the thesis

that it violated no duty to the plaintiff because the highway upon which the accident occurred had not been opened to public travel; and that the plaintiff in traveling thereon was a trespasser, and assumed the risk of the injuries which she sustained.

The exceptions to the denial of the motions for a nonsuit and a directed verdict present the familiar issue of whether there was evidence from which the defendant could be found liable. "Its liability . . . depends . . . upon whether there was a breach of any duty of care that it owed the plaintiff. .The existence of such a duty, and its extent, depend upon the nature of the relationship between the parties." *Sandwell* v. *Hospital*, 92 N. H. 41, 42. This relationship, in turn, depends upon the conduct of the parties as disclosed by the evidence. "Duties are imposed by circumstances." *Pickford* v. *Abramson*, 84 N. H. 446, 450.

The defendant contends that the plaintiff's rights were no greater than those of a trespasser, and that the Court erred in instructing the jury that "she was not a trespasser," but that she "had a right to drive upon the road in question as a public highway . . . subject to some restriction. . . . " While the evidence did not establish as a matter of law that the plaintiff was a trespasser, on the other hand it was error to rule as a matter of law that she was not. The issue was one to be determined by the jury upon the conflicting evidence.

If the defendant's evidence were believed, it was under no obligation to anticipate the plaintiff's presence upon the highway, and therefore under no duty to warn her of the presence of its equipment there. The defendant, whether as independent contractor, or as agent or licensee of the state, was rightfully in possession of the premises for the purpose of constructing the highway. See *Burroughs* v. *Corporation*, 77 N. H. 124, 127. Acting in the right of the state as owner "in control of the use of a highway" (*State* v. *Cox*, 91 N. H. 137, 141), and in accordance with the requirements of its contract with the state (*Cf.* R. L., *c.* 99, *s.* 7), the defendant undertook by the erection of signs and barriers to exclude the traveling public from the premises. There was evidence that a barrier, bearing an appropriate sign, and adequately lighted, was across the southerly end of the highway on the night of the accident. Were this the full extent of the evidence, the defendant's contention that the plaintiff was upon the highway without right, and that there was no evidence from which it could be found liable, might be sustained. See *Shawano County* v. *Froemming Bros.*, 186 Wis. 491; *Jones* v. *Collins*, 177 Mass. 444.

Other evidence warranted a finding, however, that for several months prior to the plaintiff's entry upon the highway, the lane over which she entered had been open to passage, and the highway used by the general public; and that on the night of the accident no sufficient warning was given that the road was closed. While the evidence of prior use was not relied upon by the plaintiff to justify her entry, it was evidence of notice to the defendant that travelers might be expected there unless efficiently debarred. *Smith* v. *Railroad*, 88 N. H. 430.

The plaintiff's evidence tended to establish not merely toleration of the use, but invitation. From her testimony it could be found that no warnings against use of the road were visible to one travelling in the darkness and the storm. The lane upon which she entered was unobstructed, and apparently open and suitable for travel. If signs or barriers were in the vicinity, they were unlighted, and outside the range of vision. "So far as the travelling public is concerned, a highway is open if by its condition it presents, in the mind of an ordinarily prudent person, an invitation to travel thereon." *Thummel* v. *State Highway Commission*, 160 Kan. 532, 538. See also, *Sadlon* v. *Jannarone*, 102 N. J. L. 343, 346; *Loker* v. *Damon*, 17 Pick. (Mass.) 284, 287.

Upon this conflicting evidence, the relative duties of the parties were for the determination of the jury. If the defendant took steps reasonably calculated to warn travelers that the road was closed, and was itself not chargeable with notice of probable disregard of the warning, then it was under no obligation to anticipate the plaintiff's presence in the vicinity of its roller, or to warn her of its location.

If having taken such steps, it was nevertheless chargeable with notice that the warning was likely to be disregarded, or if it was found to have acquiesced in disregard of the warning (Cf. *Castonguay* v. *Company*, 83 N. H. 1, 4), or if having failed to take such steps, it permitted conditions to exist which were reasonably calculated to permit or invite travel on the highway, then it was for the jury to determine whether it had exercised reasonable care under all the circumstances to warn expected travelers of the danger presented by its equipment. Restatement, Torts, *ss.* 335, 342, 350, *comment* c; *Sandwell* v. *Hospital, supra; Thompson &c. Construction Company* v. *Young*, 294 Fed. 145. See also, *Saloshin* v. *Houle*, 86 N. H. 132, 134; *Dillon* v. *Company*, 85 N. H. 449, 452, 453; *Drury* v. *Worcester*, 21 Pick. (Mass.) 44; *Folkins* v. *Johnston*, 124 Cal. App. 169.

Basically, the defendant's duty was no different from that owed by any possessor of land to a trespasser or licensee (Restatement,

Torts, ss. 383, 384) and was determinable according to the rule of reasonable anticipation. *Bowley* v. *Duca*, 80 N. H. 548, 552; *Cooley* v. *Company*, 90 N. H. 460, 466. What it was required to anticipate was necessarily dependent upon the circumstances as the jury found them to be. The issue of the defendant's negligence was clearly for the jury. It follows that unless the evidence established the plaintiff's negligence as a matter of law, the defendant's motions were properly denied.

The defendant argues that the plaintiff was conclusively shown to have been negligent, because "by her own admission, she was driving on an unfinished road at a speed of from 20 to 25 miles an hour, through a heavy rain storm, which, plus the fact that her windshield was steamy and smoky, reduced the range of her headlights to 40 to 50 feet, so that, as she says, 'I could hardly see.'" Construed most favorably to the plaintiff, the evidence did not require that she be found negligent. If her testimony were believed, she had no reason to consider the newly paved way unsafe for travel. When the accident occurred she was traversing the road for the second time, with no reason to anticipate obstructions. She had seen nothing of the equipment on her northbound trip. The roller was so situated on the highway that had she followed the easterly edge, going north, the left side of her automobile would not have come within five or six feet of it. The range of her headlights could be found to have been reduced by the storm, but there was no evidence that it was less than the distance required to bring her car to a stop. The roller was the color of the road, and her failure to see it might be attributed to darkness and the storm, rather than fault on her part. *Wicker* v. *North States Const. Co.*, 183 Minn. 79. "We cannot say that a speed of twenty miles an hour, under the conditions which obtained at the time and place of the accident, was necessarily negligent." *Putnam* v. *Bowman*, 89 N. H. 200, 204. The circumstances did not necessarily require that she anticipate careless conduct on the part of others. See *Fine* v. *Parella*, 92 N. H. 81, 83. Her conduct was to be judged in the light of what she might reasonably expect to encounter, taking into account her knowledge that the road had been under construction, and what warnings, if any, she had when she entered the highway. A finding that she had any warning was not compelled. She was not to be found negligent as a matter of law, either in entering upon the highway, or in continuing upon it when she appreciated that she was there. The defendant's motions were properly denied.

It is urged that the Trial Court erred in ruling upon pretrial that

the new road was a public highway, and in so instructing the jury at the trial. This contention is based, not upon any alleged defect in the proceedings for the layout, but upon the evidence that the construction was still in process, and that the state had not opened the highway to the public, or accepted the contractor's work.

So far as a proper layout was concerned, the Presiding Justice correctly ruled that the road in question was a public highway. R. L., c. 90, s. 1. In other respects the circumstance was not important. The relationship of the parties, and the relative rights and duties resulting, would be the same whether they acted with reference to a highway which was public, but closed to travel, or to a highway not yet public, because not yet opened to public travel by public authority.

The decisive inquiry in this case is whether or not the defendant company had conducted its operations in such a way as to lead the plaintiff reasonably to believe that the road was open to travel, and so to obligate the company to anticipate her presence.

The liability of the governmental unit responsible for maintenance of the way is not involved, and we are not here concerned with the question of whether it would be bound by any act of the contractor permitting public travel. Cf. *Drury* v. *Worcester, supra;* Restatement, Torts, s. 418, *comment* b. The question of when in the process of construction land laid out as a public highway actually becomes one, so that statutes regulating the conduct of travelers on such highways become applicable, is not settled by statute and need not be determined in this case.

If the contractor chose to permit public travel or negligently did so, it was bound to conduct itself as if the highway were public, regardless of its acceptance by the state, or other circumstances which might be thought to affect the liability of others. See *Folkins* v. *Johnston, supra,* 172; Restatement, Torts, s. 367, *comment* a.

Disposition of the remaining exceptions is controlled by what has already been said. The exception to the instruction that the plaintiff was not a trespasser is sustained. The issue was for the jury. The instruction that she "had a right to drive upon the road . . . as a public highway . . . subject to some restrictions, as you find conditions to have been on the night of the accident" is also sustained. In one view of the evidence, she had no right "to drive upon the road." Whether she had a right to drive upon it "as a public highway" was not material; but use of this phrase in the instruction was prejudicial to the defendant, because of the connotation which it carried. The

74

implication was that since the highway was public, the plaintiff necessarily had a right of passage, even though it might be restricted. This was error.

By brief the defendant has argued that three of its requests for instructions were erroneously denied. Its first request was sufficiently given in substance. Since the evidence did not conclusively establish that the highway was in fact closed to travel, the seventh request was properly denied. The ninth request related to an issue not presented by the evidence. The plaintiff made no claim of reliance upon prior travel over the highway to justify her entrance upon it, but based her case upon conditions claimed to have existed upon the night of the accident. Nor error is perceived in the denial of the remaining requests. In general the issues to which they related, so far as material, were adequately placed before the jury. The exceptions to the denial of requests for instructions are accordingly overruled.

*New trial.*

BRANCH, C. J., did not sit: the others concurred.