165 So.2d 375

**W. S. FOWLER RENTAL EQUIPMENT COMPANY, Inc.**

**v.**

Wiley E. SKIPPER.

6 Div. 782.

Supreme Court of Alabama.

July 25, 1963.

Rehearing Denied June 25, 1964.

London, Yancey, Clark & Allen, Birmingham, for appellant.

Hogan, Callaway & Vance, Birmingham, Thos. A. Smith, Jr., and Robt. Sapp, Cullman, for appellee.

LAWSON, Justice.

This is a personal injury action brought in the Circuit Court of Jefferson County by Wiley E. Skipper against W. S. Fowler Rental Equipment Company, a corporation, and A. E. Burgess Company, Inc., a corporation.

The accident out of which this case arose occurred on March 14, 1958, when a pickup truck in which the plaintiff was riding as a passenger collided with a boom of a drag-line crane which had been left across an open ditch on a new highway then under construction. The new highway was through an area where previously no highway had existed. The place of the accident is in Blount County just north of the Jefferson County line.

The complaint was filed on April 17, 1959. Both defendants filed demurrers on May 14, 1959. On March 3, 1961, plaintiff struck A. E. Burgess Company, Inc., a corporation, as a party defendant. On March 20, 1961, plaintiff amended his complaint so that, as amended, the complaint consisted of Counts I-A and II-A. Count I-A charged wanton injury of the plaintiff by the defendant. Count II-A charged that the defendant injured the plaintiff by negligently placing a trap or pitfall across the highway, which was regularly used by the public in substantial numbers with the knowledge and permission or acquiescence of the defendant.

When the case came on for trial, the defendant filed a plea in abatement and requested that it be allowed to withdraw its demurrer, as previously filed. Such request of the defendant was denied by the court, following which the court granted a motion by plaintiff to strike the plea in abatement. The court overruled defendant's demurrer as re-filed, and defendant then filed pleas of the general issue to both counts of the amended complaint and pleas of contributory negligence to Count II-A. Issue was joined on defendant's pleas and trial was had.

On March 23, 1961, the jury rendered its verdict for the plaintiff and against the defendant in the amount of $10,000. Judgment was in accord with the verdict. The defendant's motion for a new trial being overruled, it appealed to this court.

The appellant, W. S. Fowler Rental Equipment Company, a corporation, hereinafter referred to as the Fowler Company, contends that the trial court erred in striking its plea in abatement on motion of appellee, Skipper.

Section 60, Title 7, Code 1940, provides that "all actions against a domestic corporation for personal injuries must be brought in the county where the injury occurred or in the county where the plaintiff resides, if such corporation does business by agent in the county of plaintiff's residence."

The plea in abatement averred that the Fowler Company was a domestic corporation with its principal place of business in Blount County; that Skipper was not and never had been a resident of Jefferson County, in which county the suit was pending; and, that the accident occurred in Blount, not Jefferson County.

Skipper did not see fit to challenge the legal sufficiency of the plea in abatement but filed his motion to strike on the ground that the plea in abatement came too late, having been filed almost two years after the Fowler Company entered a general appearance in the cause by filing its demurrer.

The filing of a demurrer of the kind interposed by the Fowler Company, which was not based solely on the matter of jurisdiction of the person, constitutes a general appearance. Alabama Alcoholic Beverage Control Board v. State ex rel. Krasner, 247 Ala. 469, 25 So.2d 30, and cases cited. And it is established as to a court of general jurisdiction that a plea to the jurisdiction should be filed before a general appearance or there is a tacit admission that the court has the right to judge. Davis

v. Jones, 236 Ala. 684, 184 So. 896. A plea to the venue may be waived. Ex parte Air Control Products, Inc., 271 Ala. 646, 126 So.2d 480.

■ But where an amendment makes a new case, defendant has a right to plead to the case thus made in bar or abatement, even though he had pleaded to the merits of the original complaint. Eagle Iron Co. v. Baugh, 147 Ala. 613, 41 So. 663; Eagle Iron Co. v. Malone, 149 Ala. 367, 42 So. 734; Ex parte Dunlap, 209 Ala. 453, 96 So. 441.

■ The Fowler Company argues that when, on March 3, 1961, Skipper, the plaintiff, by amendment struck A. E. Burgess Company, Inc., as a party defendant, a new case was made so as to make applicable the rule stated in the preceding paragraph. The Fowler Company asserts that since the Burgess Company filed a general appearance, jurisdiction was vested in the Circuit Court of Jefferson County, which jurisdiction could not be effectively challenged until and unless the Burgess Company was eliminated from the case, which was accomplished by the amendment of March 3, 1961, which act was followed by the filing of the plea in abatement.

In formulating this contention, the Fowler Company has apparently applied the rule applicable to suits against foreign corporations, which may be sued in any county in which they do business by agent. But the Burgess Company is not shown to be a foreign corporation. When the plea in abatement is construed most strongly against the Fowler Company, as it must be, both of the original defendants must be considered as being domestic corporations and the controlling venue statute is § 60, Title 7, Code 1940, which as we have shown above provides that actions gainst domestic corporations for personal injuries must be brought in the county in which the injury occurred or in the county where the plaintiff resides, if the corporation does business by agent in the county in which the plaintiff resides.

Venue in Jefferson County as to both the Fowler Company and the Burgess Company was equally good or equally bad. The fact that the Burgess Company was served by the sheriff of Jefferson County and thereafter made a general appearance by filing a demurrer would not prevent the Fowler Company from interposing its plea in abatement before making a general appearance. Nothing that the Burgess Company might have done could affect in any way the validity of the plea in abatement initially filed by the Fowler Company.

We hold that the amendment striking the Burgess Company as a party defendant did not make a new case within the meaning of the rule of the Eagle Iron Company Cases, supra, and that of the case of Ex parte Dunlap, supra.

■ The complaint, as originally filed, alleged that the accident occurred in Jefferson County. The complaint, as amended, is silent as to the county where the accident happened. The Fowler Company argues that as long as the complaint contained the averment that the accident occurred in Jefferson County, where the suit was brought, the action would not be subject to abatement and for that reason no waiver occurred. We do not agree. The averments of the original complaint as to where the accident happened could indeed have been controverted by a plea in abatement. The Fowler Company, better than anyone else, knew that the accident occurred in Blount County. There was no reason why it could not have taken issue on the averment in the original complaint that the accident happened in Jefferson County and averred that it occurred in Blount County, thereby showing that the suit was filed in the wrong county since the plaintiff was not a resident of Jefferson County.

We hold the plea in abatement was properly stricken because not timely filed.

■ The appellant argues assignments of error which take the point that the trial court erred in overruling its demurrer in that the complaint as amended was demur-

rable for not alleging the county in which the accident occurred. There is no merit in this insistence. Ray v. Richardson, 250 Ala. 705, 36 So.2d 89.

■ The appellant also contends that the complaint as amended was demurrable in not alleging with sufficient certainty the place where the accident occurred. Both counts contain the following averments:

" * * * the plaintiff was riding as a passenger in a motor vehicle along a new highway then under construction and then known as, to-wit, Interstate Route I–202, at a point, to-wit, seven miles north of the Town of Warrior, Jefferson County, Alabama, at approximately eight-tenths of a mile south of, to-wit, the Sulphur Springs School where the highway was then and there being constructed by defendant * * *."

We entertain the view that the averments just quoted were altogether sufficient to advise the defendant as to the place where the accident occurred in order that it could investigate the alleged accident and obtain evidence and material for its defense. This is all that good pleading requires. Bennett v. Bennett, 224 Ala. 335, 140 So. 378; Bugg v. Green, 215 Ala. 343, 110 So. 718; Jones v. Keith, 223 Ala. 36, 134 So. 630; Smith v. Clemmons, 216 Ala. 52, 112 So. 442.

The accident is shown to have occurred on a named road at a point nine miles north of the Town of Warrior, which point was approximately eight-tenths of a mile south of a named school. We do not see how a more precise averment as to the place where the accident happened could be made. The case of Louisville & N. R. Co. v. Whitley, 213 Ala. 525, 105 So. 661, is clearly distinguishable. The allegations in that case as to the place where the accident occurred were simply that it did occur at a point about three miles from Sylacauga in Talladega County. Such an allegation does not define the place except within a circle around Sylacauga having a radius of three miles.

The counts which this court criticized in Western Ry. of Ala. v. Turner, 170 Ala. 643, 54 So. 527, merely alleged that the accident occurred in Macon County, Alabama. This court did not criticize the count which alleged that the accident occurred "about 1 3-4 mile east of Chehaw, Alabama, a station on defendant's line of said railway in said county."

■ The appellant contends that the trial court erred in overruling its grounds of demurrer 1, 4, 5, 7 and 15, as directed to Count II–A of the complaint.

Grounds 1 and 7 read:

"1. That it does not state facts sufficient to constitute a cause of action against this defendant."

"7. For that the averments set up, if true, do not show any liability on the part of the defendant herein."

Those grounds of demurrer are too general to put the court in error in overruling them. Louisville & N. R. Co. v. Nolen, 251 Ala. 445, 32 So.2d 912; Central of Ga. Ry. Co. v. Hinson, 262 Ala. 223, 28 So.2d 286.

■ The other argued grounds of the demurrer are as follows:

"4. For that it does not appear with sufficient certainty what duty, if any, defendant may have owed to the plaintiff."

"5. For that it does not appear with sufficient certainty wherein defendant violated any duty it may have owed to the plaintiff."

"15. For aught that appears, plaintiff had no right to be where plaintiff was at the time and place of said accident."

The argument made in support of grounds of demurrer 4, 5 and 15 is that inasmuch as Count II–A affirmatively shows that the accident occurred on a roadway which was still under construction, it must be construed

as showing that the plaintiff, Skipper, was either a trespasser or a licensee and when so construed, the count does not show a breach of any duty owed the plaintiff by the Fowler Company.

The averments of Count II–A, in our opinion, do not show that the plaintiff, Skipper, was a trespasser at the time of the accident in view of the averments to the effect that for several months prior to the accident the "highway," although still under construction, had been used by the public in substantial numbers during daylight and darkness with the knowledge, permission or acquiescence of the defendant, the Fowler Company. Folkins v. Johnston, 124 Cal.App. 169, 172, 12 P.2d 153.

Count II–A at least shows that Skipper was a licensee on the roadway at the time of the accident, being there at the sufferance of the Fowler Company.

■■ The duty of one who owns or is in possession of property towards a licensee is not only to abstain from inflicting intentional, willful or wanton injuries, but to refrain from exposing such licensee to new hidden dangers, such as traps, pitfalls or obstructions which arise through his active negligence. Pratt Coal and Iron Co. v. Davis & Davis, 79 Ala. 308; Scoggins v. Atlantic & Gulf Portland Cement Co., 179 Ala. 213, 60 So. 175; Alabama Great Southern R. Co. v. Campbell, 32 Ala.App. 348, 26 So.2d 124; Bryson v. Phelps, 23 Ala.App. 346, 125 So. 795, cert. denied, 220 Ala. 389, 125 So. 798; Fernandez v. Consolidated Fisheries, Inc., 98 Cal.App.2d 91, 219 P.2d 73; Elliman v. Gombar, 86 Ohio App. 352, 91 N.E.2d 801; Lauritsen v. American Bridge Co., 87 Minn. 518, 92 N.W. 475; Dunn v. Bomberger, 213 N.C. 172, 195 S.E. 364;

Masek v. Bubenheimer, 229 Wis. 194, 281 N.W. 924. A trap or pitfall need not be intentionally set to catch a licensee who has been using the premises. A statement to that effect in Alabama Great Southern R. Co. v. Campbell, supra, must be read in the light of the exact holding in the case there

cited, Hayward v. Drury Lane Theatre, 1917, 2 K.B. 899, 914, where it was said:

"* * * The owner is under no liability as to existing traps unless he intentionally set them for the licensee, but must not create new traps without taking precautions to protect licensees against them. * * *"

Count II–A in this case, unlike Count 3 which we held bad on demurrer in Nashville, C. & St. L. Ry. v. Blackwell, 201 Ala. 657, 79 So. 129, contains an averment to the effect that the ditch and dragline constituted a trap or pitfall.

■ This duty does not restrict the owner or possessor's right to make use of the property or to make such changes therein as he may desire, but requires him, if he does any positive act creating a new danger to a person who may exercise the license, to give to such licensee reasonable notice or warning of the new danger or to exercise reasonable care to provide safeguards against such new danger. 65 C.J.S. Negligence § 35f, p. 498; Duff v. United States, 4 Cir. 171 F.2d 846; Olderman v. Bridgeport-City Trust Co., 125 Conn. 177, 4 A.2d 646; Gulf Refining Co. v. Beane, 133 Tex. 157, 127 S.W.2d 169; Rosenberger v. Consolidated Coal Co., 318 Ill.App. 8, 47 N.E. 2d 491; Burns v. Union Carbide Co., 265 Mich. 584, 251 N.W. 925; Laidlaw v. Perozzi, 130 Cal.App.2d 169, 278 P.2d 753; Maher v. Voss, 9 Terry 45, 98 A.2d 499; Midwest Oil Co., Inc., v. Storey, Ind.App., 178 N.E. 2d 468; Malmquist v. Leeds, 245 Minn. 130, 71 N.W.2d 863; Coston v. Skyland Hotel, 231 N.C. 546, 57 S.E.2d 793; Taneian v. Meghrigian, 15 N.J. 267, 104 A.2d 689; Birdsong v. City of Chattanooga, 204 Tenn. 264, 319 S.W.2d 233.

■ Count II–A alleges that the accident occurred before sunrise on the morning of November 14, 1958, and that the defendant, the Fowler Company, on the afternoon of November 13, 1950, negligently placed on the "highway" which, with the defendant's knowledge, permission or acquiescence, had been open to and used by the pub-

lic for a period of several months, a dangerous obstruction which constituted a trap or pitfall.

The count does not expressly aver that the defendant did not give verbal notice of the obstruction, but it does aver that the obstruction described in the count was "without sufficient lights or other warning devices to make the same reasonably visible to oncoming vehicular traffic during hours of darkness." We think such averment sufficient to show lack of notice or warning of the construction of the trap or pitfall as against the grounds of demurrer here under consideration.

We hold that Count II–A shows that plaintiff, as a member of the public, had a right to be on the roadway in question at the time of the accident; that it shows a duty on the part of the defendant to exercise reasonable care not to permit the plaintiff to be injured by the obstruction and a breach of that duty. In our opinion, grounds of demurrer 4, 5 and 15 were overruled without error.

We have considered Count II–A, as have the parties, as showing that the plaintiff at the time of the accident was a licensee.

The courts of other states have been called upon to pass on the question of the duty which a road contractor owes to a traveler on a road which is under construction, but which is used by the public with the contractor's consent.

In Savoie v. Littleton Const. Co., 95 N.H. 67, 57 A.2d 772, 776, the New Hampshire court said:

"If the contractor chose to permit public travel or negligently did so, it was bound to conduct itself as if the highway were public, regardless of its acceptance by the state, or other circumstances which might be thought to affect the liability of others. * * *"

And in Fahrenbruch v. Peter Kiewit Sons' Co., 148 Neb. 460, 27 N.W.2d 680, 681, it was said:

"The questions involved here are primarily factual but governed generally by the rule that where a highway under construction or repair is being used permissively in a limited manner by adjacent residents, it must be kept and maintained by the contractor in a reasonably safe condition for the use of those driving thereon, who are at the same time required to exercise reasonable care under the peculiar circumstances and conditions confronting them by keeping a constant lookout and vigilant caution for obstructions incident to the progress and completion of the work. * * *"

In Folkins v. Johnston, 124 Cal.App. 169, 172, 12 P.2d 153, a contractor engaged in highway construction was held to be negligent and liable for injuries received when the automobile in which the plaintiff was riding collided with a pile of stone which the contractor had left upon the highway, which was not closed to traffic, in an unguarded condition.

In Thompson Caldwell Const. Co. v. Young, 4 Cir., 294 F. 145, a highway contractor who had left a disabled highway truck in an unlighted condition on a portion of the highway from which the barriers had been removed, and on which, to his knowledge, there was considerable traffic, was held to be negligent in so doing and liable for injuries which the plaintiff received when the automobile in which he was riding crashed into the unlighted truck in the darkness.

In Stafford v. Nelson Bros., 15 La.App. 51, 130 So. 234, it was held to be "inexcusable negligence" for a road contractor who was engaged in the construction of a highway which, however, had not been closed to traffic and was in general use by the public, to permit an excavation machine which covered one third of the highway to remain thereon in the night without the protection of warning lights; and such contractor was held liable for the death of the plaintiff's husband when the automobile in which he was riding on the highway collid-

ed with the excavation machine in the nighttime.

It is insisted by the appellant that the trial court erred in refusing to give at its request the affirmative charge as to Count II–A of the complaint, as amended, the negligence count.

In considering this contention, we must review the tendencies of the evidence in the light most favorable to the plaintiff, the appellee, without regard to any view we may have as to the weight of the evidence; and must allow such reasonable inferences as the jury was free to draw, not inferences which we think the more probable. Stathem v. Ferrell, 267 Ala. 333, 101 So.2d 546; Hamilton v. Browning, 257 Ala. 72, 57 So.2d 530; Chesser v. Williams, 268 Ala. 57, 104 So. 2d 918.

Viewing the evidence most favorably for the appellee, Skipper, the following material facts appear.

Skipper is a farm and construction laborer. On March 14, 1958, just about daylight, he was traveling from his home in Cullman County to his work in Birmingham when he was injured in the accident in question. Skipper worked with a Birmingham construction company where his stepson had worked for several months. The day of the accident was to have been Skipper's second day at work.

Skipper was riding as a passenger in his four-year-old pickup truck, which his stepson was driving. They were traveling the same route as they had traveled the previous morning, down the new interstate "highway" which had been under construction by defendant (and other contractors at other places) for more than a year. The truck had good lights, which were on at the time of the accident, and it had good brakes. The truck was traveling at a rate of about forty miles per hour.

On the afternoon of March 13, 1958, the Fowler Company's employees had been engaged in cutting a ditch across one side of the new four-lane roadway for the pur-

pose of installing a drain. They had not finished by quitting time and had left the steel boom of a crane or dragline extended across the eastern side of the roadway about three feet above and over the partially completed ditch.

Neither the plaintiff nor his stepson, the driver of the truck, saw the dragline until a moment before they ran into it.

The roadway in question was customarily and regularly traveled at that time of day by a large number of automobiles, most of which were carrying people to their work in Birmingham from Cullman and Blount Counties. The Fowler Company's employees knowingly allowed this travel except for particular instances when they were moving machinery or something of that nature. On those occasions they would have the traffic stopped by a member of the Highway Patrol. At one time signs had been placed at the termini of the roadway in question showing that the road was under construction, but those signs had been pushed aside and had been ignored by the general public, with the knowledge and apparent consent of the Fowler Company, for a number of months. From time to time traffic moving in both directions would have to switch from one side to the other of the four-lane roadway in order to adapt to varying conditions of the road.

Despite defendant's knowledge of the traffic, no lights, signs or warning devices of any kind were present to warn a traveler of the presence of the ditch and dragline.

Under the evidence when reviewed in the light most favorable to the plaintiff, the jury could have determined: (1) That the "road under construction" signs had not been used to block the roadway for a long period of time; (2) that no lights at all were put out by the defendant, the Fowler Company; (3) that the defendant took no steps to stop the use of the road by the general public, which road was used regularly by approximately one thousand cars a week with at least the implied permission of the Fowl-

er Company, and most of the traffic was in the early morning and late afternoon hours of each day; (4) that notwithstanding knowledge of all these conditions, the Fowler Company's employees consciously left the dragline extending all the way across one half of the much-traveled roadway in such a way that it could not be seen in hours of darkness by a reasonably safe driver of a southbound vehicle approaching the obstruction on an uphill grade in time to stop before colliding with the dragline.

We are of the opinion that under the evidence as summarized above, questions were presented for the jury's determination not only as to the initial negligence of the defendant, the Fowler Company, but as to the contributory negligence of the plaintiff and the driver of the truck in which he was riding.

We hold that the general affirmative charge as to Count II–A was refused without error.

The appellant also contends that the trial court erred in refusing to give at its request the general affirmative charge as to Count I–A of the complaint, as amended, the wanton count.

In making this contention, the appellant relies on a Federal case which arose in Alabama, Wunderlich v. Franklin, 5 Cir., 100 F.2d 164. Like the instant case, the Wunderlich Case involved an action against a road contractor growing out of an accident caused by an obstruction on a road under construction.

However, there is a factual distinction between the present case and the Wunderlich Case. In the Wunderlich Case the injured motorist was a trespasser on a road which had been marked closed, with lighted barricades. Elaborate precautions had been taken to keep all traffic off the road.

█ We have said that wantonness is a conscious doing of some act or omission of some duty, under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty

injury will probably result. English v. Jacobs, 263 Ala. 376, 82 So.2d 542; Griffin Lumber Co. v. Harper, 247 Ala. 616, 25 So. 2d 505.

█ Under the evidence as summarized above, we think it was clearly within the jury's province to find that the leaving in the nighttime of the unlighted dragline across a heavily traveled roadway, which was open to the public, constituted an act of wantonness as that term is defined in our cases.

█ The trial court did not err in admitting into evidence plaintiff's Exhibits 2A, 2B, 2C and 2D, which are four paragraphs extracted from the Standard Specifications of the Alabama State Highway Department, which the evidence shows pertained not only to roads under repair but to new roads under construction and to the contract under which the Fowler Company was operating. See Evans v. Patterson, 269 Ala. 250, 112 So.2d 194.

In part the challenged sections provide:

"* * * The convenience of the general public and of residents along the highway shall be provided for in a reasonably adequate and satisfactory manner. * * *"

"* * * During grading operations *where traffic is permitted to pass through construction,* each layer shall be leveled as it is placed to a smooth, even surface that will provide a satisfactory passageway for the use of traffic." (Emphasis supplied.)

"* * * The Contractor shall, without extra compensation, provide, erect, paint and maintain all necessary barricades of the standard design shown on Plans. Also, without extra compensation, the Contractor shall provided suitable and sufficient red lights, torches, reflectors or other danger signals and signs * * * and take all the necessary precautions for the * * * safety of the public."

▉ Appellant argues that the admission into evidence of plaintiff's Exhibit 6 constituted error to reverse. The exhibit in question was an aerial photograph showing the location of the accident. It was made after the road had been paved. It did not depict the condition of the roadway at the time of the accident. However, this was pointed out at the time the exhibit was offered in evidence and it was offered and admitted for the limited purpose of showing the topography and relative positions of the geographical features surrounding the place where the accident occurred. Even if it could be said that the photograph should not have been admitted, we are clear to the conclusion that its admission could have worked no injury on appellant. If the admission of this exhibit constituted error, it was harmless. Supreme Court Rule 45.

The other argued assignments of error which related to rulings on admissions or exclusions of evidence need not be separately treated. None of them, in our opinion, present cause for reversal.

▉ It is insisted that the trial court erred in overruling the grounds of the motion for new trial which took the point that the verdict for $10,000 was excessive.

The plaintiff's only trade primarily required the use of his right hand and the uncontradicted testimony shows the utility of that hand to be critically decreased. The plaintiff was hospitalized for nine days immediately following the accident. He was unable to do any sort of work for a period of six months. His earning capacity was decreased. He incurred hospital and doctors' bills of reasonable amounts. He suffered painful injury not only to his hand, but over and about his body and his leg.

▉ On the matter of excessiveness of the verdict, we have said that each case must be governed by its own facts and judged accordingly. Alabama Gas Co. v. Jones, 244 Ala. 413, 13 So.2d 873. We have also said that there is no yardstick by which compensatory damages for pain and mental suffering can be measured, and the ascertainment of the amount the plaintiff was due as compensation for these elements of damage must of necessity be left to the sound discretion of the jury, subject only to correction by the court for clear abuse or passionate exercise. Birmingham Electric Co. v. Howard, 250 Ala. 421, 34 So.2d 830.

▉ We have also pointed out that when the presiding judge refuses to grant a new trial on the ground of the excessiveness of the verdict, the favorable presumption attending the verdict of the jury is thereby strengthened, and on a review of the question here we will not overturn the verdict of the jury or reverse the ruling of the trial court in refusing the new trial unless it clearly appears that the verdict was the result of inadvertence or intentional or capricious disregard of the evidence, or was infected with bias, passion or other improper motive and that the excessiveness of the verdict was the result thereof. Birmingham Electric Co. v. Howard, supra.

We do not find in the verdict any such abuse or passionate exercise or other improper motive. The jury could well have found for the plaintiff under the wanton count and have awarded punitive damages. Stoudemire v. Davis, 208 Ala. 495, 94 So. 498.

▉ In passing on the question of excessiveness of damages, this court will look to the decreased purchasing power of money, the present inflationary trends, exemplified in the exorbitant rise in the price of nearly all commodities, and the enormous increase in the cost of living, and give approval to a larger verdict than under normal conditions. Birmingham Electric Co. v. Howard, supra.

After much reflection, we are unwilling to pronounce our judgment, based only on the printed page, to be so superior to that of the jury and the trial judge as to supersede their view of the matter and substitute our judgment for theirs.

The grounds of the motion for new trial which took the point that the verdict was contrary to the great weight of the evidence were overruled without error. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

The judgment is affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.