CRAWLEY, Judge,
dissenting.
I conclude that the City is entitled to a directed verdict and a JNOV. Therefore, I must respectfully dissent.
The majority states that the record contains evidence to satisfy all four requirements of § 35-15-24(a). My review of the record reveals no evidence to satisfy § 35-15-24(a)(2). In fact, for us to hold in this case that placing the cable across the entrance to the park creates “an unreasonable risk of ... serious bodily-harm,” as required in subparagraph (a)(2), would defeat the legislative intent stated in § 35-15-20:
“[T]hat it is in the public interest to encourage owners of land to make such areas available to the public for non-commercial recreational purposes by limiting such owners’ liability towards persons entering thereon for such purposes; that such limitation on liability would encourage owners of land to allow non-commercial public recreational use of land which would not otherwise be open to the public, thereby reducing state expenditures needed to provide such areas.”
The fundamental rules in statutory construction are as follows:
“Tn construing a statute, the intent of the legislature, as expressed in the statute, is ascertained ¿nd effectuated, and that intent may be gleaned from considering the language used, the reason and necessity for the act, and the goals sought to be accomplished.’ The court is to ascertain and give effect to the legislature’s intent as expressed in the words of the statute. A statute susceptible to either of two opposing interpretations must be read in the manner that effectuates rather than frustrates the major purpose of the legislative draftsmen.”
BP Exploration & Oil, Inc. v. Hopkins, 678 So.2d 1052, 1054 (Ala.1996) (citations omitted).
The legislative intent to limit the owners’ liability is not achieved if the City, the owner in this case, is held liable for conduct that at common law a landowner would not have been held liable for. At common law, the only limitation imposed on a landholder in such cases is “to abstain from-inflicting intentional, willful or wanton injuries, [and] to refrain from exposing such licensee to new hidden dangers, such as traps, pitfalls or obstructions which arise through his active negligence.” W.S. Fowler Rental Equipment Co. v. Skipper, 276 Ala. 593, 600, 165 So.2d 375, 381 (1963) (citations omitted). Our supreme court has recently reaffirmed the common law principle that a landowner is not liable for damages caused by open and obvious dangers. Ex parte Gold Kist, Inc., 686 So.2d 260 (Ala.1996) (declining to adopt Restatement (Second) of Torts, § 343A which states that a landowner is not liable for damages caused by an open and obvious danger “unless the possessor should anticipate the harm despite such knowledge or obviousness”). The minor testified that she entered the park before dark, that when she went in she saw the cable, that she knew it was there; and that she easily stepped over it. Section 35-15-23(3) states that the City, by permitting the minor to be on the premises, does not confer on the minor “the legal status of an invitee or licensee to whom a duty of care is owed.” Thus, the minor *626 cannot recover under a statute that the'Legislature intended to restrict traditional owner ■liability so as to encourage landowners to make their land available to the public for noncommercial recreational purposes.
The majority emphasizes that the minor’s expert witness testified that the placement of the cable violated the Architectural Barriers Act and the Americans with Disabilities Act. In his testimony, the expert only mentioned the names of these two acts and gave no reference to applicable statutes, sections, terms, meanings, definitions, applications, and no other explanation as to how he determined these violations. These bare conclusions are insufficient to cause me to consider the significance of any violations of these acts.
Therefore, I would hold that the trial court erred in denying the City’s motion for a directed verdict and motion for JNOV.
THIGPEN, J., concurs.