## Midland Coal Company of Olive Hill v. Rucker's Administrator.

(Decided December 1, 1925.)

### Appeal from Carter Circuit Court.

1. Master and Servant—Death of Miner by Poisonous Gases Held Not Compensable.—Death of coal miner from inhalation of poisonous gases, due to negligence of the employer, held not compen-

sable, under Workmen's Compensation Act (Ky. Stats., section 4880) at least as it existed before amendment of 1924 (Laws 1924, c. 70), but an action at law for damages will lie.

2. Master and Servant—Evidence Held to Show Inexperienced Coal Miner's Death was Due to Poisonous Gases, and Not Compensable. —Evidence that inexperienced coal miner had been suffering more or less from poisonous gases for two weeks prior to his death held sufficient to warrant jury in concluding that death resulted from accumulated poisons inhaled, and was not sudden and unexplained, or unexplainable, so as to limit remedy to that under Workmen's Compensation Act.

THEOBOLD & THEOBOLD for appellant.

DYSARD & MILLER and WAUGH & HOWERTON for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The administrator of Rucker, who lost his life in the mines of appellant company, instituted this action in the Carter circuit court and recovered judgment against the company for $2,500.00 for death of his intestate by bad air, and this appeal is prosecuted by the coal company to reverse the judgment. Rucker, an inexperienced coal miner about thirty years of age, was employed by the company and put to work with his brother, also inexperienced, in a room of its mine near an old abandoned mine from which, the evidence shows, came unwholesome gases into the working place of the deceased. The evidence further shows, without contradiction, that the mine of appellant company, a rather large one, was not properly ventilated, there being no forcing or suction fans, and the furnace which was generally employed for drawing air into the working places was not heated and in operation on the day of the death of Rucker. It is also in evidence that part of the brattice near the working place of deceased was down; that there was no ventilation save such as naturally came into the mines; that the coal was mined by and shot with powder or dynamite which made smoke, and that on the evening before the death of Rucker a great number of shots were fired in the mine, some of them in Rucker's room, and that room as well as other parts of the mines was filled, more or less, with powder smoke and other gases. The evidence also goes to show that Rucker was a stout, able-bodied young man before he began to work in the mines, about two weeks before his death; that on different days during his employment

in the mines he complained of headache and was made sick and vomited; that his brother, who worked in the same room with him, was made sick and weak from the noxious gases in their working place; that other employes engaged in like service in the mine were made sick also during the same period, and only a short time before Rucker's death; that on a day immediately before his death Rucker came out of the mine sick and dizzy and went to the home of his father and mother, where he lay down on the back porch, claiming he had vomited and was unable to eat his supper. On the morning of his death he and his brother went to work in the mine and had loaded four mine cars and pushed them from the room to the entry; that the air was bad in the room and that deceased's brother was weak and dizzy from its effects; that deceased had complained of the bad air on that morning and of being weak and sick; that as they pushed the last car of coal to the entry deceased Rucker sank down, struggled for a little while, and died as they carried him from the mine, a few minutes later.

On this evidence appellant insists that the judgment should be reversed (1) because no action was maintainable at common law, since both the company and Rucker, an employe, had accepted the terms of the Workmen's Compensation Act, and his death, being instantaneous, came within the terms of the act, and the lower court had no jurisdiction of the cause; and, further, that where the proof fails to show the cause of death, or the direct and proximate cause thereof, it is the duty of the court to peremptorily instruct the jury to find for the defendant. Appellant further contends that where the proof fails to show the cause of death, and the case is nevertheless submitted to the jury, it is the duty of the court to instruct it, when requested, as was done in this case, to find for defendant, or, if such death resulted from two or more causes, for only one of which defendant would be liable, and the jury cannot ascertain from the evidence from which such death resulted, to find for the defendant.

Appellee, administrator, insists that under the opinion in the cases of Jellico Coal Company v. Adkins, 197 Ky. 684, and Elkhorn Coal Corporation v. Kerr, 203 Ky. 804, the injury or death of a coal miner arising out of and resulting from inhalation of poisonous gases, does not come within the provisions of the Workmen's Compensation Act, and is not compensable, and the board does not

have jurisdiction thereof; but that an action for such injury or death will lie at common law; and this seems to be well settled, at least under the act as it existed before the amendment of 1924, now section 4880, Kentucky Statutes. Appellee states its contention as follows:

> "The impure air in appellant's mine did not instantaneously cause the death of appellee's intestate, as contended by appellant. On the contrary, the effects of appellant's willful disobedience of the statute requiring ventilation of mines were felt by appellee's intestate during several weeks just before his death, and finally resulted in his death. Nor does the proof (as appellant contends) fail to show the cause of the death of appellee's intestate. On the contrary, it leaves no other reasonable conclusion to be drawn except that he was killed by bad air caused by appellant's disobedience of the statute requiring mines to be ventilated."

Appellant company by answer (1) traversed the averments of the petition, (2) it pleaded contributory negligence, (3) that the deceased and the company had both accepted the terms of the Workmen's Compensation Act, and as a result the company was only liable to provide or pay compensation according to the terms of that act, and was not otherwise liable; and (4) that appellee, having applied for compensation under the act, was now estopped to maintain this action. The court sustained a general demurrer to the third and fourth paragraphs of the answer, and we think properly under the Adkins and Kerr cases, *supra.*

Appellant's chief contention is to the effect that injury or death arising from the inhalation of poisonous gases in a mine, is compensable under the Workmen's Compensation Act, which, within its realm, is exclusive in all cases where death is instantaneous; that the evidence in this case shows only the sudden death of Rucker and does not show that he died from an occupational disease or from a gradual poisoning of his system. Their evidence upon this subject, recited in outline above, indicates the deceased had been suffering more or less from poisonous mine gases ever since he became an employe of appellant company and entered its mines, but that he was so inexperienced in the business of coal mining as not to know the dangerous effects of such gases. The evidence upon this point was sufficient to warrant the jury in con-

cluding that the deceased had been breathing poisonous gases in the mines during the whole time of his employment and that his death resulted from the accumulated poisons thus inhaled and was not sudden and unexplained or unexplainable. This question was submitted to the jury by instructions of which there is no serious complaint, save that the case should not have been submitted at all. The verdict and judgment cannot, therefore, be disturbed.

Judgment affirmed.