Richard T. CHESSER, by Lizzie Chesser, Next of Friend, Appellant,

v.

LOUISVILLE COUNTRY CLUB, Appellee.

Court of Appeals of Kentucky.

Oct. 7, 1960.

Thomas E. Gates, James Goslee Becker, Edw. T. Ewen, Jr., Louisville, for appellant.

Woodward, Hobson & Fulton, Fielden Woodward, Louisville, for appellee.

STANLEY, Commissioner.

Richard T. Chesser was a golf caddy at the Louisville Country Club on May 22, 1955. He lacked two months of being seventeen years old. It was the custom of the caddies, while waiting to be called for service, to gather in or near the caddy house and engage in playing cards, knocking golf balls and other pastimes. While doing so on that day, Richard chased a cat down 14 or 15 steps into the club house boiler room. He saw three or four bottles on a shelf, one of which, at least, was labeled whiskey of a well-known brand. It contained a dark liquor, and the label led the young man to believe it was whiskey. He uncorked the bottle and took a swallow of the liquid. It was a poisonous chemical compound used in cleaning boilers and other things. The boy suffered severe injury.

His claim for workmen's compensation asserted against the Country Club was denied on the ground that his injury did not arise out of and in the course of his employment. We affirmed a judgment confirming that finding of the Compensation Board. Chesser v. Louisville Country Club, Inc., Ky., 313 S.W.2d 410.

Thereafter, the present common law action for damages was filed against the club for Richard by his mother as next friend. The complaint charged gross negli-

gence on the part of the defendant and prayed a recovery of $79,901, general and special damages. Summary judgment was rendered for the defendant upon consideration of the pleadings, a deposition of the young man taken by the defendant for discovery, affidavits of two other caddies and interrogatories answered by the defendant, as well as the record in the claim for workmen's compensation.

We consider the appeal with due regard for the admonitions of caution in rendering summary judgment under CR 56, as often suggested. In short, the question is whether the record failed to disclose the existence of a genuine issue of material fact, which, if sustained by proof, express or inferable, would constitute a legal cause of action. In the absence of such an issue, the question becomes one of law and a summary judgment is properly awarded. Ingram v. Ingram, Ky., 283 S.W.2d 210; Puckett v. Elsner, Ky., 303 S.W.2d 250; Rowland v. Miller's Adm'r, Ky., 307 S.W. 2d 3.

The defendant pleaded the adjudication of the plaintiff's claim for workmen's compensation in bar of this action. We may accept the adjudication that the employer-employee relationship existed under the act as final. On the question of whether the adjudication that an injury was not compensable because it did not arise out of or in the course of his employment is a bar to a common law action for damages, there is a conflict among the decisions. 58 Am. Jur., Workmen's Compensation, § 51; Annotation, "Workmen's Compensation Act as exclusive of remedy by action against employer for injury or disease not compensable under act." 100 A.L.R. 519, 121 A.L.R. 1143. See Jellico Coal Co. v. Adkins, 197 Ky. 684, 247 S.W. 972; Ashland Iron & Mining Co. v. McDaniel's Dependents, 202 Ky. 19, 258 S.W. 943; Midland Coal Co. of Olive Hill, v. Rucker's Adm'r, 211 Ky. 582, 277 S.W. 838; Conder v. Hayden, Ky., 335 S.W.2d 909. We reserve an expression of opinion on the particular point. For the purposes of the decision we shall assume that this action was maintainable.

We cannot concur in the appellant's argument that the attractive nuisance doctrine is applicable because the defendant had maintained a latent and highly dangerous condition upon its premises. When a youth has grown beyond the protection humanely afforded a child of tender years from his indiscretion and lack of capacity to appreciate a peril, he is not entitled to the benefit of the doctrine any more than is a normal adult, qualified however in an occasional case of undeveloped mentality. We so held in relation to a fourteen year old boy in Louisville & N. R. Co. v. Hutton, 220 Ky. 277, 295 S.W. 175, 53 A.L.R. 1328. That age has since been regarded as a normal dividing line. Wright v. L. C. Powers & Sons, 238 Ky. 572, 38 S.W.2d 465; Lipscomb v. Cincinnati, N. & C. St. Ry. Co., 239 Ky. 587, 39 S.W.2d 991; Columbus Mining Co. v. Napier's Adm'r, 239 Ky. 642, 40 S.W.2d 285; Dennis' Adm'r v. Kentucky & West Virginia Power Co., 258 Ky. 106, 79 S.W.2d 377; Kentucky Utilities Co. v. Earles' Adm'r, 311 Ky. 5, 222 S.W.2d 929.

In addition to the salient facts related above and in the opinion in the workmen's compensation case, supra, the record upon which the summary judgment was based is that here the plaintiff stated he was not confined to any area of the premises except that he was not permitted to go in the club house. He qualified the statement upon cross-examination by admitting that the caddies were not supposed to go into the boiler room, and that he had been run out of there except on cold, rainy days. The other two caddies deposed by affidavits that they sometimes went down into the boiler room because it was warm, and that they and other caddies, so far as they knew, had never been told to stay out of the room, and there were no warning signs to that effect. The day of this accident was rainy but was

not cold, and the purpose of the boy going into the room was not that which might have been permitted. One of these boys had seen the bottles labeled "whiskey" on the shelf and the contents were wine color. He had tasted the liquid on one occasion but promptly spit it out. The chemical had been received by the club in a 55 gallon drum which contained a warning as to its dangerous qualities. Some of it had been transferred into these bottles for convenient use.

■ It may be observed that except in a case of an attractive nuisance or in extraordinary circumstances where the presence of a little child in an unusually dangerous place should have been anticipated, ordinarily a minor trespasser occupies the same position as an adult. 65 C.J.S. Negligence § 27; Brauner v. Leutz, 293 Ky. 406, 169 S.W.2d 4; Louisville & N. R. Co. v. Spence's Adm'r, Ky., 282 S.W.2d 826.

■ The evidence in this record, regarded most favorably for the plaintiff, would have proved that he was a bare licensee in the boiler room. 65 C.J.S. Negligence § 32b. The responsibility of the defendant in this case is even lessened, though in a small degree, when the plaintiff proceeded to appropriate to himself the bottle and its contents, which he tragically believed to be whiskey. He then became a trespasser. Commonwealth v. Henderson's Guardian, 245 Ky. 328, 53 S.W.2d 694; 65 C.J.S. Negligence § 24b.

■ The possessor of premises owes no duty to a bare licensee or a trespasser to keep the premises safe for use of either, but he must refrain from inflicting or exposing him to wanton or willful injury or from setting a trap for him. Sage's Adm'r v. Creech Coal Co., 194 Ky. 415, 240 S.W. 42; Columbus Mining Co. v. Napier's Adm'r, 239 Ky. 642, 40 S.W.2d 285; Commonwealth v. Henderson's Guardian, 245 Ky. 328, 53 S.W.2d 694; Louisville & N. R. Co. v. Spence's Adm'r, Ky., 282 S.W.2d 826.

■ In the case of Johnson v. Paducah Laundry Co., 122 Ky. 369, 92 S.W. 330, 332, 29 Ky.Law Rep. 59, 81, 5 L.R.A.,N.S., 733, the defendant had maintained a vat in an uninclosed lot a few feet from the street, and this vat was filled with boiling water used in connection with the defendant's business. Johnson, for purposes of his own, left the street and went upon the lot and fell into the vat. In affirming the judgment rendered upon a peremptory instruction in his case for damages, the court said: "It is insisted, however, that the owner of this uninclosed city lot ought to know that trespassers are liable to come upon it, and that a vat of boiling water is a thing so dangerous that it is negligence in the owner not to guard it as to one who falls into it in the dark. The general rule is that the owner of private grounds is under no obligation to keep them safe for the benefit of intruders who come upon them for their own purposes, however innocent the purpose may be." See like cases of Lackat v. Lutz, 94 Ky. 287, 22 S.W. 218, 15 Ky.Law Rep. 75; Indian Refining Co. v. Mobley, 134 Ky. 822, 121 S.W. 657, 24 L.R.A.,N.S., 497; Farmer v. Modern Motors Co., 235 Ky. 483, 31 S.W. 2d 716.

■ Without conceding in any degree that he was a trespasser, the appellant contends the appellee was negligent in maintaining a trap on its premises. The term "trap" in this connection is no longer confined to its original meaning as a device or condition created with the intent to injure. It has come to mean in tort law a concealed, hidden condition; and as respects the duty owed a bare licensee, it is a danger which a person who does not know the premises could not avoid by reasonable care. 65 C.J.S. Negligence § 38; Alabama Great Southern R. Co. v. Campbell, 32 Ala.App. 348, 26 So.2d 124, 126. In this case the trespasser or bare licensee upon the premises, i. e., in the boiler room was not exposed to danger from a concealed condition such as a pitfall. The plaintiff committed an affirmative act in taking the bottle

and appropriating its contents to his own use. That was the proximate cause. Latta v. Brooks, 293 Ky. 346, 169 S.W.2d 7; Dixon v. Kentucky Utilities Co., 295 Ky. 32, 174 S.W.2d 19, 155 A.L.R. 150; Dick v. Higgason, Ky., 322 S.W.2d 92.

Keeping these mislabeled bottles of strong chemical might have been actionable negligence under some circumstances, but in this case there was no probability that a bare licensee or trespasser in the boiler room would steal the bottle and drink the mislabeled substance. In short, the caddy's act was not reasonably foreseeable as a natural and probable consequence of leaving the original labels on the bottles; hence, there was no legal responsibility. Commonwealth v. Henderson's Guardian, 245 Ky. 328, 53 S.W.2d 694; 38 Am.Jur., Negligence, § 104. Obviously, where there is no duty owing a party, there is no culpable negligence.

Consideration of the question of contributory negligence is not necessary.

The judgment is affirmed.