226 So.2d 332

**Lottie DEESE**

v.

**L. C. Joe ESPY et al.**

**7 Div. 806.**

Supreme Court of Alabama.

Aug. 28, 1969.

552

Hawkins, Rhea & Mitchell, and Larry H. Keener, Gadsden, for appellant.

Simmons & McCrary, Lusk, Swann, Burns & Stivender, Gadsden, for appellees.

SIMPSON, Justice.

The appellant is the mother of appellee Espy. She sued her son for injuries which she suffered in a fall at his home, charging that her fall and the injuries she suffered were "the direct and proximate consequence of the negligent manner in which Defendant maintained said premises by negligently permitting * * * loose block or blocks of wood, rock or other foreign materials to be situated at * * * doorway." The count also alleged that at the time and place complained of that the plaintiff was a guest or invitee of the defendant.

The defendant joined as a third-party defendant appellee Nations, who was the contractor remodeling the home of defendant Epsy at the time of the fall.

At the conclusion of the evidence the court gave, at the request of the defendant and the third-party defendant, the general affirmative charge. Judgment was entered on the verdict in favor of the defendants; the appellant filed a motion for a new trial, which was timely denied. This appeal is from the final judgment.

The evidence in the case is undisputed. The appellant went to the home of her son, at the invitation of her daughter-in-law. She was attempting to enter the house via the back door. There were no steps, as such, but instead wood blocks were serving as steps into the house. The plaintiff testified that all kinds of debris lay about as a result of the work being done on her son's house. The block turned over under the weight of appellant and she fell on her back, suffering a fracture.

The only contention made by appellant is that the court erred in giving at the request of the two defendants the affirmative charge, contending° that in giving this charge, the court violated the scintilla rule. We cannot agree. The evidence in the case clearly establishes that the appellant was a social guest at the home of the defendant at the time of the accident.

In Morgan v. Kirkpatrick, 276 Ala. 7, 158 So.2d 650, this court for the first time held with the majority of jurisdictions, that a social guest is a mere licensee, entitled to no affirmative care to prepare the premises for his reception. The duty owed to a licensee is to refrain from putting traps in his way. Scoggins v. Atlantic & Gulf Portland Cement Co., 179 Ala. 213, 60 So. 175. The record in this case is devoid of any evidence that the defendants breached a duty owing to the plaintiff. The trial court correctly granted the requests for the affirmative charge.

Affirmed.

LIVINGSTON, C. J., and COLEMAN and BLOODWORTH, JJ., concur.