This is an appeal from the trial court's granting of a motion for judgment notwithstanding the verdict. We affirm.
The dispute arises out of the following facts:
On August 25, 1974, Mrs. Eunice White, the plaintiff-appellant, and Mrs. Joseph Packer, one of the defendant-appellees, returned to the Packer home after having taken their daughters to Springhill College. A short time later, they left the house to investigate a disturbance at a nearby street corner.
It was dusk at the time of their return to the house. Mrs. White and Mrs. Packer stepped from the street into Mrs. Packer's front yard on their way to the front door of the house. Somewhere between the curb and three or four steps into the yard, Mrs. White stepped into a hole. Her left leg, which went down into the hole up to her thigh, was broken.
Mrs. White testified that the grass, which needed cutting, had overgrown the hole and that fact, coupled with the darkness, made it impossible for her to see the hole. Her husband testified that he went to examine the hole the day after the accident. He stated that it was approximately 4 to 6 inches around. He was able to put his entire leg into the hole without his foot touching the bottom.
Mrs. White testified that she had been on the Packer premises on a number of previous occasions. She stated that she had never seen the hole. Neither had she ever seen a pole or any other object which would account for the hole.
Mrs. Packer and her husband, who is also a defendant in the suit, both testified that they had no knowledge of the hole prior to Mrs. White's injury. They have five children who frequently play in the yard, and they had never been informed of the hole before Mrs. White's accident. The Packers have lived at this house for 19 years.
Additionally, Mrs. Packer testified that her neighbor's entire front yard curb, which is located approximately 30 feet from the hole where Mrs. White sustained her injury, had collapsed subsequent to the accident. She stated the city had done some work in the vicinity of the two yards prior to Mrs. White's accident.
Mrs. White's resulting incapacitation from the fall was of 3 months duration.
She filed suit against the Packers in 1974. Her complaint alleged as Count 1 that she stepped and fell into an artificial hole or excavation, which the Packers negligently permitted to remain on the premises and of which they knew, or in the exercise of due diligence should have known, and forewarned her. Count 2 alleged Mrs. Packer willfully and wantonly led Mrs. White upon the negligently maintained premises, thereby causing her to sustain grievous injuries.
Trial before a jury was had in the Circuit Court of Mobile County on September 22, 1976. At the conclusion of the evidence, the Packers' motion for a directed verdict as to Count 2 of appellant-White's complaint was granted.
The jury returned a verdict of $10,000 for Mrs. White on Count 1.
On September 24, 1976, the Packers presented to the trial court a motion for judgment notwithstanding the verdict, or in the alternative, for a new trial. Nineteen grounds were asserted in support of the motion for judgment notwithstanding the verdict, ten as the basis for the new trial. The trial court ruled on this motion as follows:
 "It is ordered and adjudged by the Court that defendants' said motion filed September 24, 1976, for Court to enter a judgment notwithstanding the verdict, or in the alternative, for a new trial in this cause be, and the same is hereby granted, and judgment by Court for the defendants entered."
Mrs. White thereafter took this appeal.
Mrs. White contends the trial court erred to reversal in granting the Packers' motion for judgment notwithstanding the verdict. She states the motion was granted on the basis of the defendants' objection to *Page 315 
an oral jury charge which, she contends, was a correct statement of the law. The record fails to support this contention.
No objection to the jury charge is found in the Packers' motion for judgment notwithstanding the verdict; and, as shown above, the trial court's entry does not reflect the basis for the granting of the motion. Hence, this contention is without merit.
Mrs. White also states the trial court's granting of the motion was erroneous in light of the evidence adduced at trial. We cannot agree.
In ascertaining the propriety of a trial court's grant of a motion for judgment notwithstanding the verdict, the evidence must be viewed in the most favorable manner for the party for whom the jury returned the verdict. Spurlin v. General motorsCorp., 528 F.2d 612 (5th Cir. 1976); Wood v. Holiday Inns,Inc., 508 F.2d 167 (5th Cir. 1975). The motion should not be granted if there is any conflict in the evidence for the jury to resolve, and the existence of such conflict is to be determined by the scintilla rule. McLarty v. Wright,56 Ala. App. 346, 321 So.2d 687 (1975).
Examination of the trial court's ruling with due regard to the above principles establishes the correctness of that ruling.
A landowner's duty to one upon his premises depends upon the status of the latter with regard to the land. Tolbert v.Gulsby, Ala., 333 So.2d 129 (1976). In Alabama, a social guest has been defined as a licensee. Tolbert, supra; Standifer v.Pate, 291 Ala. 434, 282 So.2d 261 (1973); Deese v. Espy,284 Ala. 551, 226 So.2d 332 (1969); Morgan v. Kirkpatrick, 276 Ala. 7, 158 So.2d 650 (1963). A licensee "is owed the duty not to be willfully or wantonly injured or not to be negligently injured after the landowner has discovered his peril." (Tolbert v.Gulsby, supra, 333 So.2d at 131). Accord Standifer and Deese,supra; Autry v. Roebuck Park Baptist Church, 285 Ala. 76,229 So.2d 469 (1969).
As stated by the Alabama Court of Appeals in Alabama GreatSouthern R. Co. v. Campbell, 32 Ala. App. 348, 26 So.2d 124
(1946):
 "The duty owed by estate holders toward bare licensees is not an active one to safely maintain the premises. The bare licensee must accept the premises as he finds them. The only limitations imposed on landholders in such cases is that he must not set traps or pitfalls, nor wilfully or wantonly injure the licensee . . ." [Emphasis supplied.] (32 Ala. App. at 351, 26 So.2d at 126).
Accord W.S. Fowler Rental Equipment Company v. Skipper,276 Ala. 593, 165 So.2d 375 (1963); Scoggins v. Atlantic G.P.Cement Co., 179 Ala. 213, 60 So. 175 (1912); Pratt Coal IronCo. v. Davis Davis, 79 Ala. 308 (1885).
In this case, there was absolutely no evidence from which the jury could reasonably have concluded that the Packers created the hole which resulted in Mrs. White's injury. Mrs. White had been on the Packer premises on many occasions. She had never observed any sign, pole, mailbox, etc., which the Packers might have erected, thereby creating the hole. In fact, there was no evidence to even show the hole had been dug. There were no loose clods or mounds of dirt proximate to the hole. The only evidence presented by Mrs. White was the existence of the hole and the fact that the Packers had lived there for 19 years. In this instance, such facts do not constitute a scintilla of evidence toward proving the creation of a trap, pitfall, or obstruction by the appellee property owners. The court correctly granted the Packers' motion for judgment notwithstanding the verdict.
Mrs. White also asserts two other grounds for reversal. She contends the trial court erred in failing to specify the grounds upon which the Packers' motion was granted. We find no such requirement in Rule 50, ARCP.
She also submits the trial court erred by failing to comply with that portion of Rule 50 (c)(1), ARCP, which provides: *Page 316 
 "(1) If the motion for judgment notwithstanding the verdict, provided for in subdivision (b) of this rule, is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for the new trial . . ."
She is correct. However, such error does not require reversal of the trial court's granting of the motion for judgment notwithstanding the verdict.
Where the trial court has failed to rule on the motion for a new trial, one alternative is to remand the case in order for the trial court to make such a ruling. Nodak Oil Co. v. MobilOil Corporation, 526 F.2d 798 (8th Cir. 1975). However, in light of the decision herein reached, we perceive no useful purpose to be accomplished by such action in this case.
The finding which would be made by the trial court upon remand would only become relevant were we to reverse that court's ruling with respect to the judgment notwithstanding the verdict. Rule 50 (c)(1)'s provision is to assist the appellate court in reaching its decision with regard to the granting of another trial when the trial court's judgment notwithstanding the verdict has been reversed. Committee Comments, Rule 50, ARCP. Hence, since we here affirm the trial court's granting of the motion for judgment notwithstanding the verdict, the case would be remanded merely to enable the trial court to make a decision which would have no operative effect. In this instance, no benefit is derived from such a course of action.See Mays v. Pioneer Lumber Corporation, 502 F.2d 106 (4th Cir. 1974), cert. denied, 420 U.S. 927, 95 S.Ct. 1125,43 L.Ed.2d 398 (1975).
The ruling of the trial court is to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.