This is an appeal from the denial of defendants' motions for directed verdict, new trial and judgment notwithstanding the verdict for plaintiff. Plaintiff, Evelyn Reed, is the mother of defendant Carol Frederick, and the mother-in-law of defendant Billy Frederick. This action arises out of an accident occurring at the home of defendants in December 1977.
On December 15, 1977 plaintiff, on her way home from the beauty parlor, stopped by to visit defendants at their home in Russellville. Plaintiff customarily visited defendants on Thursday of every other week. Plaintiff is a diabetic, and she testified that her daughter would buy insulin for her and that plaintiff would stop by her daughter's house to pick it up on her every-other-Thursday visit. On the night in question, plaintiff arrived at defendants' home between 6:30 and 7:00 p. m., approximately an hour before her usual time of arrival. Defendants testified that they were not expecting plaintiff to arrive so early.
Plaintiff testified that she got out of her car and approached the side door of defendants' house, along her customary route through defendants' carport. Plaintiff's route took her along the inside wall of the carport, between the car and the wall, to the side door. The evidence shows that at the time of plaintiff's arrival it was dark outside, and the carport light had not yet been turned on. As plaintiff neared the side door, she tripped over a roll of carpet stacked in the carport along her path, fell, and was injured. The roll of carpet had been removed from defendants' house by Discount Carpets and, at the direction of defendants, placed in the carport on Monday, December 12, 1977, just three days prior to plaintiff's visit. As a result of the fall, plaintiff sustained a fractured right arm, left arm and knee cap, and required approximately twenty-five days of hospitalization. *Page 97 
Both plaintiff and defendants testified that plaintiff did not know the carpet had been removed from the house and placed in the carport.
On December 12, 1978 plaintiff filed suit against defendants seeking damages for personal injury. Plaintiff later amended her complaint to add as defendants the officers of Discount Carpets. Both defendants and Discount Carpets filed an answer, asserting contributory negligence as an affirmative defense. The case came to trial before a jury on November 17, 1980, and a verdict in the amount of $10,000.00 in favor of plaintiff and against defendants Billy and Carol Frederick was returned. A motion for directed verdict was denied to the Fredericks but was granted in favor of Discount Carpets. Defendants-Fredericks subsequently filed a motion for new trial or, in the alternative, a motion for judgment notwithstanding the verdict (hereafter j.n.o.v.). This motion was overruled by operation of law on or about March 12, 1981. See Rule 59.1, A.R.C.P. On April 22, 1981 defendants filed notice of appeal to this court.
Defendants contend here that the trial court erred in denying their motions for directed verdict, j.n.o.v., and new trial. We affirm the trial court in each instance.
In ruling upon the propriety of the grant or denial of a motion for directed verdict, the court must view the entire evidence in the light most favorable to the nonmoving party. If a reasonable inference may be drawn which is adverse to the party requesting the directed verdict, the motion is properly refused. The scintilla rule applies. Quillen v. Quillen,388 So.2d 985 (Ala. 1980); City of Birmingham v. Wright,379 So.2d 1264 (Ala. 1980).
In every action grounded upon negligence there are three essential elements to a right of recovery: (1) a duty owed by defendant to the plaintiff; (2) a breach of that duty; and (3) an injury proximately caused by that breach. Quillen v.Quillen, supra. A landowner's duty to one upon his premises depends upon the status of the latter with regard to the land.White v. Packer, 345 So.2d 312 (Ala.Civ.App. 1977). That is, the duty owed depends upon whether the person is a trespasser, invitee, or licensee. McMullan v. Butler, 346 So.2d 950 (Ala. 1977). In Alabama a social guest is deemed to be a licensee.Tolbert v. Gulsby, 333 So.2d 129 (Ala. 1976).
Viewing the evidence in the light most favorable to plaintiff, we find that, as to the status of plaintiff on defendants' property, the facts show plaintiff to be, at the least, a licensee. The facts of this case strongly suggest that plaintiff was a "social guest" of defendants, rather than an "invitee." The relationship of invitor-invitee arises when an invited person enters upon the land of another for purposes which would be of a material or commercial benefit to the invitor. Quillen v. Quillen, supra. It is problematical whether plaintiff's visit bestowed any material or commercial benefit upon defendants.
Whether plaintiff was or was not an "invitee" is of no moment in view of our conclusion that plaintiff was at least a "licensee." Having determined that the evidence supports a finding that plaintiff was a licensee, we find that defendants' contention that the trial court erred in its denial of a directed verdict as to this aspect of the case is without merit.
The next issue is whether the trial court erred in submitting to the jury the question of whether the defendants breached the duty of care owed to plaintiff as a licensee. Generally, a landowner has the duty, with respect to a licensee, not to wilfully or wantonly injure the licensee, or negligently injure him after discovery of his peril. White v. Packer, supra. The duty owed a licensee has been further defined by the cases to include the duty not to expose the licensee to new hidden dangers, such as traps, pitfalls or obstructions, which arise through the landowner's active negligence. W.S. Fowler RentalEquipment Co. v. Skipper, 276 Ala. 593, 165 So.2d 375 (1963). The additional duty requires the landowner, "if he does any positive act creating a new danger to a person who may exercise the license, to give to such licensee reasonable *Page 98 
notice or warning of the new danger or to exercise reasonable care to provide safeguards against such new danger." Id.
Defendants contend that there is no scintilla of evidence to support plaintiff's contention that defendants breached their duty of care. We disagree. The facts indicate that defendants instructed the Discount Carpet employees to place the roll of carpet in the carport, in a known path to the side door used by plaintiff on her visits. The placing of the carpet in the carport was an affirmative act by defendants. The obstruction thus created was new to the premises, having been placed in the carport only three days prior to plaintiff's expected visit. It is undisputed that plaintiff was unaware of the obstruction. Testimony also indicates that the carport was dark when plaintiff approached it, effectively hiding the obstructing roll of carpet; it would have been difficult for plaintiff to see any obstruction in her path. Further, defendants had reason to expect plaintiff to visit them on Thursday, although they did not expect her to arrive as early as she did.
In view of the above facts, we find that there is sufficient evidence in support of plaintiff's contention to require submission of the question to the jury. We find no error here.
With regard to the denial of defendants' motion for j.n.o.v., we note that a motion for j.n.o.v. is nothing more than a renewal of a party's motion for directed verdict. A j.n.o.v. cannot properly be granted unless a directed verdict should have been granted. Williamson v. United Farm Agency, Inc.,401 So.2d 759 (Ala. 1981). In view of our finding above, the trial court's denial of defendants' motion for j.n.o.v. was proper.
Defendants also appeal from the denial of their motion for new trial, asserting as grounds for their position the insufficiency of the evidence. It is well settled that a jury verdict is presumed correct, and will not be set aside unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence is so against the verdict as to clearly convince the reviewing court that it is palpably wrong and manifestly unjust. Maffett v. Roberts, 388 So.2d 972
(Ala. 1980).
We find no plain and palpable error in the trial court's denial of defendants' new trial motion. On the contrary, there is ample evidence to support the jury's verdict for plaintiff. Defendants had, only three days prior to plaintiff's visit, placed an obstruction, i.e. a roll of used carpet, along a well-used path to the side door of their home, a path that the plaintiff normally used to enter defendants' house. On the night of the accident the obstruction was effectively hidden by darkness. There is no evidence that defendants warned plaintiff of the hazard, or made any effort to protect her against injury; both parties agree that plaintiff had no knowledge of the condition before her accident. Based on these facts, we conclude that the jury could reasonably have concluded that defendants breached the duty of care owed to plaintiff as a licensee. The trial court's denial of defendants' new trial motion was proper.
For the foregoing reasons the judgment below is affirmed.
AFFIRMED.
WRIGHT, P.J., concurs.
HOLMES, J., concurs in the result.