RUSSELL, Judge.
This is an appeal from the denial of a motion for judgment notwithstanding the verdict or, in the alternative, a motion for new trial.
The action was instituted by Virginia McCorkle (appellee) for an alleged breach of contract by Tom Turner (appellant) in remodeling appellee’s home. At the close of the appellee’s case and again at the close of all the evidence, the appellant filed a written request for directed verdict, which was denied. Ultimately, the jury returned a verdict in favor of the appellee in the amount of $9,000. Subsequently, the appellant filed a motion for judgment notwithstanding the verdict or, in the alternative, a motion for new trial. Such motion was denied.
This appeal followed. We affirm.
The dispositive issue on appeal is whether the trial court erred in denying the appellant’s post-trial motion. Initially, we note that a motion for J.N.O.V. may be properly granted only where a grant of a directed verdict would have been proper. Frederick v. Reed, 410 So.2d 95 (Ala.Civ.App.1982). Moreover, motions for directed verdict and for judgment notwithstanding the verdict test the sufficiency of the evidence in the same manner, and neither should be granted if there exists any conflict in the evidence for the jury’s resolution. Independent Life & Accident Insurance Co. v. Parker, 470 So.2d 1289 (Ala.Civ.App.1985). Thus, if there is sufficient evidence to warrant a verdict in favor of the party against whom a directed verdict is sought, such motion must be denied. Joseph v. Staggs, 519 So.2d 952 (Ala.1988).
Regarding the appellant’s motion for new trial on the ground that the verdict is against the great weight and preponderance of the evidence, the trial court’s denial of such will not be reversed unless the verdict is palpably wrong or manifestly unjust. Burroughs Corp. v. Hall Affiliates, Inc., 423 So.2d 1348 (Ala.1982). Moreover, the presumption favoring the correctness of a jury verdict is strengthened by a trial court’s refusal to grant a motion for new trial. Deaton, Inc. v. Burroughs, 456 So.2d 771 (Ala.1984). If there is any evidence to support the jury’s verdict, this court must conclude that the verdict is not palpably wrong or manifestly unjust. Ex parte Oliver, 532 So.2d 627 (Ala.1988).
After carefully reviewing the record, we find that there was sufficient evidence to support the jury’s verdict and that, consequently, the trial court did not err in denying the appellant’s motion for a new trial. Therefore, we must necessarily find that there was also sufficient evidence before the trial court to sustain its denial of the appellant’s motion for directed verdict and subsequent motion for J.N.O.V.
The record reveals that an expert witness testified that the appellee would be forced to incur expenses of approximately $8,750 in order to repair the conditions allegedly resulting from the appellant’s substandard work. He also testified as to the poor quality of the materials utilized by the appellant in the performance of his contractual obligation. Furthermore, photographic evidence was admitted to illustrate the apparent defects in the appellant’s work. Such evidence was sufficient to support the jury’s verdict.
Finally, we find no authority for the appellant’s contention that the appellee is not entitled to that portion of the award which represents the cost necessary to repair a leaking roof because she allegedly did not inform the appellant of its defective condition, thus allowing him an opportunity to make repairs. We do noce, however, that *1076 there was sufficient evidence on which the jury could have concluded that such notice was given.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.