RENDERED: DECEMBER 13, 2018
TO BE PUBLISHED

Supreme Court of Kentucky FINAL

DATE 1/3/19 Kim Redmon, DC

2017-SC-000340-DG

RAYMOND HAYES AND
DENA HAYES

APPELLANTS

ON REVIEW FROM COURT OF APPEALS
V.              CASE NO. 2016-CA-001189-MR
CAMPBELL CIRCUIT COURT NO. 15-CI-00287

D.C.I. PROPERTIES-D KY, LLC AND
THE NELSON STARK COMPANY

APPELLEES

**OPINION OF THE COURT BY JUSTICE VANMETER**

**AFFIRMING**

Visitors to property are classified according to one's purpose in entering the property and whether such entry is with the consent of the property's possessor. The standard of care the possessor must exercise depends on whether the visitor is present (a) without the possessor's consent, *i.e*, a trespasser; (b) with the possessor's consent, *i.e*, a licensee; or (c) with the possessor's consent as a member of the public for whom the property is held open or for the possessor's business, *i.e.*, an invitee. In this case, Alex Hayes, age 16 years, 7 months, was injured while a trespasser on D.C.I. Properties-DKY LLC's construction site. The issue we must decide is whether Alex's status is mitigated by the attractive nuisance exception, such that the

Campbell Circuit Court erred in dismissing his personal injury action. We hold that the trial court and the Court of Appeals did not err in their respective analyses of this matter and therefore affirm the trial court's judgment.

## I. Factual and Procedural Background.

One weekend evening in September 2014, Alex and several friends entered a construction site owned by DCI without its knowledge or permission. The site was being prepared for DCI as a residential development by contractor, The Nelson Stark Company ("NSC"), whose employees had left several pieces of heavy equipment on the property. Alex and his friends spent several hours there, on the banks of the Ohio River, drinking whiskey and smoking marijuana. Alex, earlier in the evening, had the foresight to remove keys from at least one piece of machinery because he recognized that a friend might get hurt if he started the machine.

As Alex and one of his friends started to walk back towards town, Alex climbed on a sheepsfoot compactor owned by NSC, and despite his friend's protests, started it and began driving it up a floodwall. As Alex drove the compactor down the floodwall, it tipped over, threw Alex off, and landed on his right leg, severely injuring it. A paramedic who treated Alex at the scene testified that Alex was lucid, and admitted stealing the compactor and driving it before it flipped over and landed on his leg.

Alex, through his parents as next friends and natural guardians, filed this action against DCI and NSC alleging negligence based on attractive nuisance. Following discovery, both defendants filed motions for summary

2

judgment. The trial court granted the motions, noting Alex's age and his awareness of the dangers inherent in heavy construction equipment, including his action on the night in question in removing the keys to another piece of equipment so his friends would not get in trouble or hurt. Consequently, the trial court held "no reasonable juror could find that Alex, 'because of [his] youth,' could not 'realize the risk involved in intermeddling with' the equipment at the construction site." Campbell Circuit Court Opinion and Order, p. 6 (quoting *Mason v. City of Mt. Sterling*, 122 S.W.3d 500, 506 (Ky. 2003)). The Hayeses appealed to the Court of Appeals which affirmed the trial court. We granted the Hayeses' motion for discretionary review.

## II. Standard of Review.

Under our rules, summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, stipulations, and any admissions on file demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[1] 56.03. All factual ambiguities are viewed in a light most favorable to the nonmoving party. *Hammons v. Hammons*, 327 S.W.3d 444, 448 (Ky. 2010). "Because summary judgment does not require findings of fact but only an examination of the record to determine whether material issues of fact exist, we generally review the grant of summary judgment without deference to either the trial

---

[1] Kentucky Rules of Civil Procedure.

court's assessment of the record or its legal conclusions." *Id.* (citing *Malone v. Kentucky Farm Bureau Mut. Ins. Co.*, 287 S.W.3d 656, 658 (Ky. 2009)).

## III.   Analysis.

The Hayeses argue that the lower courts erroneously applied legal concepts more appropriate to a time when contributory negligence barred recovery in negligence cases, ignored comparative fault, citing KRS[2] 411.182 and *Hilen v. Hayes*, 673 S.W.2d 713 (Ky. 1984), and misapplied the attractive nuisance doctrine. The Hayeses admit that Alex bears fault for the accident, but argue that a jury should have been permitted to weigh and adjudicate the comparative fault of Alex, DCI and NSC in terms of failing to secure the construction site and the equipment.

In any negligence case, a plaintiff must prove the existence of a duty, breach of that duty, causation between the breach of duty and the plaintiff's injury and damages. Subsequent to this court's decision in *Hilen*, we held that "[t]he question of duty presents an issue of law." *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 248 (Ky. 1992) (citing 57A Am.Jur.2d *Negligence* § 20; *Prosser and Keeton on Torts*, § 37 (5th ed. 1984)). When a court resolves a question of duty it is "essentially making a policy determination." *Mullins*, 839 S.W.2d at 248.

We have not altered this basic "formula" in negligence cases, specifically premises liability cases, since our decision in *Kentucky River Med. Ctr. v.*

---

[2] Kentucky Revised Statutes.

4

*McIntosh*, 319 S.W.3d 385 (Ky. 2010). In *Shelton v. Kentucky Easter Seals Soc'y, Inc.*, 413 S.W.3d 901 (Ky. 2013), we explained that

> under comparative fault a plaintiff must still prove the defendant owed a duty to the plaintiff, breached that duty, and consequent injury followed. The evolution from contributory negligence to comparative fault focused on the method in which fault is allocated but did not alter the substantive law surrounding what duties are owed by a defendant.

*Id.* at 906 (citations omitted).[3] Further, "Kentucky law remains steadfast in its adherence to the traditional notion that duty is associated with the status of the injured party as an invitee, licensee, or trespasser." *Id.* at 909. Not only did we affirm the three status categories, we also noted "[a]s the law stands currently, a landowner has a general duty to maintain the premises in a reasonably safe manner; and the scope of that duty is outlined according to the status of the plaintiff." *Id.* at 909 n.28.[4]

---

[3] To emphasize this point, in *Shelton*, 413 S.W.3d at 906, we cited *Henson v. Klein*, 319 S.W.3d 413, 422 (Ky. 2010):

> The question of fault has always been answered by determining whether the party breached an applicable duty and whether the breach was a substantial factor in causing the injury claimed.
>
> What comparative negligence changed was the way we allocate, or apportion, fault. Under contributory negligence, if the plaintiff was to any degree at fault for his injury, all the damage was allocated to him, and he could recover nothing from the defendant, regardless of the defendant's degree of culpability. Under comparative negligence, the finder of fact allocates to each party a percentage of the total fault, and hence a percentage of the damages, based upon that party's conduct and the relationship of that conduct to the injury.

[4] Significantly, *McIntosh*, addressing liability at a hospital, and our subsequent premises liability decisions all involve business premises, and the obligation of possessors of such premises to their invitees. *See Grubb v. Smith*, 523 S.W.3d 409 (Ky. 2017) (filling station); *Goodwin v. Al J. Schneider Co.*, 501 S.W.3d 894 (Ky. 2016) (hotel); *Carter v. Bullitt Host, LLC*, 471 S.W.3d 288 (Ky. 2015) (hotel); *Dick's Sporting Goods, Inc. v. Webb*, 413 S.W.3d 891 (Ky. 2013) (retail store); *Shelton*, 413 S.W.3d at 901 (hospital). In *Grubb*, we noted "possessors of business premises, of course, are

By statute, the legislature has determined that a "trespasser" is "any person who enters or goes upon the real estate of another without any right, lawful authority or invitation, either expressed or implied, but does not include persons who come within the scope of the 'attractive nuisance' doctrine." KRS 381.231(1); *see Kirschner v. Louisville Gas & Elec. Co.*, 743 S.W.2d 840, 845 (Ky. 1988) (holding that a fifteen-year-old boy who, along with friends, climbed a utility tower with a piece of plywood to make a platform was a trespasser as a matter of law). In this case, no argument is made but that Alex did not have "any right, lawful authority or invitation, either expressed or implied" to enter DCI's construction site. Alex was a trespasser as a matter of law.

As to the duty owed by a land owner to a trespasser, the legislature has established the policy. KRS 381.232 provides that "[t]he owner of real estate shall not be liable to any trespasser for injuries sustained by the trespasser on the real estate of the owner, except for injuries which are intentionally inflicted by the owner or someone acting for the owner." This statutory scheme is constitutional. *Kirschner*, 743 S.W.2d 840. We held in *Kirschner* that the statute represented a codification of the common law and construed "*intentionally* inflicted" as meaning "inflicted by *willful, wanton,* or *reckless* conduct." *Id.* at 842.[5]

_____

among the exceptions to the general rule of no affirmative duty. Such persons or entities generally do have a non-delegable, affirmative duty to protect their invitees from unreasonably dangerous conditions on the premises however those dangerous conditions came to be." 523 S.W.3d at 426 (citations omitted).

[5] As a codification of the common law, we held that the statutory standard comports with the standard set forth in *Chesser v. Louisville Country Club*, 339 S.W.2d 194 (Ky. 1960): "'[t]he possessor of premises owes no duty to . . . a trespasser to keep

6

Since the legislature has declared the policy, as interpreted by *Kirschner*, that liability may attach only for willful, wanton or reckless conduct, unless the trespasser can be said to fit within the "attractive nuisance" doctrine, the parties naturally have devoted most of their efforts to that aspect of the case. Both the trial court and the Court of Appeals correctly noted the five factors used to determine liability for attractive nuisance:

> A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if
>
> (a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and
>
> (b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and
>
> (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and
>
> (d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and
>
> (e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.

---

the premises safe for use of either, but he must refrain from inflicting or exposing him to wanton or willful injury or from setting a trap for him.'" *Kirschner*, 743 S.W.2d at 844. The statutory standard, thus, applies equally to NSC, although not the owner of the land, because as DCI's contractor, "[o]ne who . . . carries on an activity upon land on behalf of the possessor is subject to the same liability, and enjoys the same freedom from liability, for physical harm caused thereby to others upon . . . the land as though he were the possessor of the land." Restatement (Second) of Torts § 383 (1965).

*Mason*, 122 S.W.3d at 506 (citing Restatement (Second) of Torts § 339 (1965)). "When a youth has grown beyond the protection humanely afforded a child of tender years from his indiscretion and lack of capacity to appreciate a peril, he is not entitled to the benefit of the doctrine any more than is a normal adult, qualified however in an occasional case of undeveloped mentality." *Chesser*, 339 S.W.2d at 196.

In this case, at the time of the accident, Alex, a licensed driver,[6] was 16 years, 7 months old. His deposition testimony established that he attended a local public high school; was at his appropriate grade level, eleventh; and was making above-average to average grades, B's and C's. Earlier in the evening, Alex had taken keys from a piece of heavy machinery because he recognized that his friends could get hurt or in trouble if they started it. He acknowledged danger in trying to operate the machinery. Keith, one of Alex's friends, testified that when Alex got on the compactor, Keith tried to talk Alex off it, but to no avail. Simply put, Alex is not entitled to the presumption of the attractive nuisance doctrine. Although we no longer adhere to a strict age cutoff, *e.g.*, children under fourteen years of age, a child must be unable to appreciate the risk involved in intermeddling with the condition. The evidence in this case clearly demonstrates that Alex not only was capable of appreciating but also in fact did appreciate the risk of operating a piece of heavy machinery.

## IV. Conclusion.

---

[6] Alex testified in his deposition that he had an instruction permit. KRS 186.450.

As the doctrine of attractive nuisance is inapplicable to this situation, Alex, a "minor trespasser, occupie[d] the same position as an adult." *Chesser*, 339 S.W.2d at 197. The record contains no evidence that DCI or NSC "*intentionally* inflicted" Alex's injuries by "*willful, wanton,* or *reckless* conduct." *Kirschner*, 743 S.W.2d at 842; *see also* KRS 381.232. Based on the foregoing, we affirm the Court of Appeals' decision affirming the Campbell Circuit Court's summary judgment in favor of DCI and NSC dismissing the Hayeses' action.

All sitting. Cunningham, Hughes, Keller, VanMeter, Venters, and Wright, JJ., concur. Minton, C.J., concurring in result only.

MINTON, C.J., CONCURRING IN RESULT: I concur in result but write separately to note that I would adopt in whole the Restatement (Third) of Torts approach to premises liability. That approach imposes a unitary duty of reasonable care owed to all entrants to land except for "flagrant trespassers."[7]

Instead of finding that Alex Hayes was not owed a duty under KRS 381.232 as the majority does, I would hold that he was not owed a duty as a

---

[7] The Restatement (Third) of Torts does not attempt to define flagrant trespasser, instead leaving it up to specific jurisdictions to fashion a rule. Comment, Restatement (Third) of Torts § 51 (Am. Law Inst. 2009). The Restatement notes that some jurisdictions may choose to employ a bright line rule that is "more certain of application and therefore more easily administered than case-by-case determinations based on all of the circumstances, while others may prefer to adopt more general standards that allow the factfinder to take into account all the facts and circumstances of the case." *Id.*

However, the Restatement explains that the "core distinction between trespassers is the extent to which the trespass is offensive to the rights of the land possessor." *Id.* It suggests that a specific rule "might reflect that distinction by providing that a flagrant trespasser is one who commits a crime of a certain severity while entering upon the land," and that a broader rule might extend the definition to "one who enters the land with a malicious motive or who commits an intentional wrong to the land possessor." *Id.*

flagrant trespasser. Admittedly, this Court previously held that KRS 381.232 was constitutional,[8] and I would re-examine that holding, given that recoverability for certain trespassers would be possible under the new scheme.

---

[8] *See Kirschner by Kirschner v. Louisville Gas & Elec. Co.*, 743 S.W.2d 840, 844 (Ky. 1988).

COUNSEL FOR APPELLANTS:

Anthony McIntosh


COUNSEL FOR APPELLEE D.C.I. PROPERTIES – D KY, LLC:

James Moberly West
THE LAW OFFICE OF JAMES M. WEST


COUNSEL FOR APPELLEE THE NELSON STARK COMPANY:

Mark MacDonald
REMINGER CO., LPA